## Meek vs. Walthall.

Where the title to property is in controversy, a person who is bound to make it good to one of the litigating parties against the claim of the other, is identified in interest with that party, and cannot testify in his favor.

Where a person enters into a contract for the purchase of land from several joint owners, and files a bill in equity for specific performance of the entire contract, and fails to recover the whole of the land, because the contract was not binding upon some of the owners, this is no good reason why he should not recover the portion owned by those upon whom the contract was binding.

*Appeal from Ashley Circuit Court in Chancery.*

Hon. Theodoric F. Sorrells, Circuit Judge.

Hempstead, for the appellant.

1. The deposition of John Gillis was improperly excluded, he not being interested although a party to the record. 15 *Ark.* 281. A witness is always competent against his own interest. 1 *Greel. Ev.* 410; 15 *Ark.* 282.

2. Specific performance is not a matter of right but of discretion. 2 *Story's Eq.* 742. And a vendee cannot ask it without having complied, or offered to comply with the contract on his part. If a bill is for the specific performance of a contract *as an entirety*, and the plaintiff is not entitled to it, he cannot have part performance in that bill. 3 *Atk.* 190; 6 *Vesey, jr.* 341; 1 *Aust.* 80; 2 *Ball & Beat.* 228; 2 *Vesey jr.* 244; *note* 3.

W. M. Harrison, for the appellee.

Mr. Chief Justice English delivered the opinion of the Court. This was a bill for specific performance, etc., filed by *Henry*

*Walthall*, in the Ashley Circuit Court, against *Samuel Meek*, *John Fogle* ,*Battice Fogle, Nancy Fogle, John C. Gillis*, and wife *Jane*, formerly *Fogle*. Decree in favor of *Walthall*, for a part of the relief prayed by the bill, and an appeal by Meek.

It appears from the pleadings and evidence, that on the 22d August, 1853, *John Fogle, Battice Fogle, Nancy Fogle, Francis Fogle* and *Jane Gillis*, were the owners in fee of a tract of land, situated in Ashley county, containing about seventy-three acres, subject to the dower right of their mother, *Sylvia Fogle*. That on the day referred to, all of the persons named, except *Jane Gillis*, entered into a written contract with *Walthall*, by which they bound themselves to execute and deliver to him, on or before the 1st January, 1854, a good and sufficient deed, with covenants of warranty, release of dower, etc., for the said land; in consideration whereof he covenanted that he would, on such deed being tendered to him by them, on or before the time stipulated, pay to them $700, being the amount of purchase money agreed upon by the parties.

The bill alleges that the grantors, who signed the contract, acted also for *Gillis and wife*, in making the sale, etc.

It appears, also, that under the contract, *Walthall* was put into possession of the land; after which, in the latter part of the year 1853, *Sylvia Fogle* and *Frances Fogle*, departed this life.

At the time the contract was signed, *Nancy Fogle* was an infant, which fact she avers in her answer, and expressly disaffirms the contract.

It seems that on the death of *Frances Fogle*, the legal title to the land was held by the other parties, in the following proportions: *Battice Fogle*, three sevenths; *John Fogle*, two sevenths; *Nancy Fogle*, one seventh, and Jane Gillis the remaining seventh.

That, on the 13th day of November, 1854, *John C. Gillis* and wife *Jane, John Fogle* and *Battice Fogle*, sold and conveyed the land by deed, with covenants of warranty (except the one seventh interest of Nancy Fogle,) to appellant, Meek, for $600, who purchased with full notice of the contract between Walt-

41

hall and the *Fogles,* and entered upon the land, dispossessing Walthall, etc.

The Court dismissed the bill for want of equity, as to *Gillis and wife,* and *Nancy Fogle,* and decreed that appellant, upon the payment to him of $500, by *Walthall,* should convey to him an undivided five sevenths of the land, etc.

1. On the hearing, the deposition of *John C. Gillis,* taken under an order of Court by appellant, was excluded on the ground of interest, etc., and this is assigned as error.

The object of the deposition seems to have been to prove that W*althall* had abandoned his contract with the Fogles before Meek purchased the land.

Gillis was an incompetent witness, because he had joined John Fogle and Battice Fogle, in a conveyance to Meek of six sevenths of the land, with covenants of warranty, and was liable upon the covenant if *Walthall* succeeded in recovering the land of Meek.

The rule is, that where the title to property is in controversy, a person who is bound to make it good to one of the litigating parties, against the claim of the other, is identified in interest with that party, and therefore cannot testify in his favor. *Arnold et al. vs. McNeill,* 17 *Ark.* 184; *McCarron vs. Cassady,* 18 *ib.* 47.

2. It is insisted by the counsel for the appellant, that appellee having sought specific performance of the contract, as to the whole of the land, and failed in that, he was not entitled to performance as to part. In other words, that he must recover the whole of the land, or none; and in support of this position *Going vs. Nash, et al.* 3 *Atk.* 190, *is cited.*

In that case Lord HARDWICK said: " there is no instance of decreeing a partial performance of articles, the Court must decree all or none; and where some parts have appeared very unreasonable, the Court have said, we will not do that, and therefore, as we must decree all or none, the bill has been dismissed. * * * * * No body can tell what it is that parties who are dead have laid the greatest weight upon, in com-

ing to agreements, and therefore it would be attended with bad consequences, if agreements were to be split, and one part to be decreed and not another."

It is manifest that the rule as to splitting articles of agreement, and decreeing performance of part, etc., as laid down by Lord HARDWICK, has no application to the case now before us.

Here the appellee asked the performance of the entire contract, and not a part of it. It is true that he sought to recover the whole of the land, and failed as to the seventh part, owned by Nancy Fogle, because she was an infant when she signed the contract; and as to the seventh part owned by *Gillis and wife*, because they were not bound by the contract; but this was no good reason why he should not recover the five sevenths of the land owned by Battice Fogle and John Fogle, upon whom the contract for the conveyance was binding. As to them he sought and obtained the enforcement of the entire contract, and not a part of it. They were the owners of five sevenths of the land. They contracted to sell and convey their interest in the land to him. They afterwards sold and conveyed it to appellant, who had notice of their contract with appellee. As against them, and the appellant who purchased with notice, the appellee was clearly entitled to a specific performance of the contract.

Other objections are made to the decree by the counsel for appellant, but the decree, upon the facts of the case, is so manifestly just and proper, that we deem it an unnecessary consumption of time, to follow up the remaining objections and respond to them.

The decree is affirmed.

Mr. Justice RECTOR, absent.