BRUCE S. KEATOR

*v.*

REBECCA BROWN and LIDA BROWN.

[Filed January 18th, 1899.]

Where a tenant in common executed a contract for the sale of the property in her own name, and also, but without authority, in the name of her co-tenant, and the co-tenant repudiated the act, performance by the signing tenant may be specifically enforced as to her interest on payment of her share of the price.

Keator *v.* Brown.

*Messrs. Hawkins & Durand,* for the complainant.

*Mr. David Harvey,* for the defendant.

STEVENS, V. C.

I think, on the proofs, the complainant is entitled to a decree for specific performance against Rebecca Brown.

The case is this : Rebecca and her sister Lida were tenants in common of a house and lot in Asbury Park. Rebecca, in her sister's absence, entered into a written agreement to sell, with the assignor of the complainant. She signed, without authority, her own and her sister's name, supposing that her sister would ratify her act. This her sister refused to do.

The case appears to come within the rule of law stated in *Young* v. *Paul, 2 Stock. 401,* and *Lounsbery* v. *Locander, 10 C. E. Gr. 554.* In the latter case Mr. Justice Depue says: " The general doctrine in equity is that \* \* \* on a bill by the purchaser a vendor will be required to allow compensation in case he is able to make title for a part but not for the whole, if the purchaser consents to accept part performance with such compensation."

I can see no good reason for refusing to apply this rule to the present case. There is no doubt as to what interest Rebecca has and as to how much of the purchase-money she is entitled to. Each of the sisters owns an undivided half and each is entitled to one-half the price. The rule is of much easier application to the case in hand than to many of the decided cases.

It was argued that it would be inequitable to compel Lida Brown to become tenant in common with a stranger. This objection is of little weight. A tenant in common may always dispose of his interest and thus bring about a similar situation. If Rebecca had separately contracted to sell her undivided share the court would undoubtedly compel her to perform her contract either with or without the concurrence of her co-tenant, and the same result follows in all those cases in which performance is decreed *cy-pres* with compensation in respect of a title defective because of some outstanding interest.

Indeed, the case is hardly one of compulsory performance *cypres* as to Rebecca. The court is not obliged to re-adjust the terms of the contract as to her. It only compels Rebecca to do just what she agreed to do as to her interest. She owns an undivided half, and it is this which it is decreed that she must convey. She gets exactly the price that she bargained for, and that she would have received had her sister ratified. It would be hard to find a case in which the rule would operate more equitably.

The bill, however, does not ask for performance against Rebecca alone. On the facts therein stated, no such performance can be decreed. It should be dismissed against Lida Brown, with costs. If the complainant desires to amend he may apply on notice.