**VILLARREAL et ux. v. DE MONT-ALVO et vir.**

**No. 12104.**

Court of Civil Appeals of Texas.
San Antonio.
June 21, 1950.

Rehearing Denied July 26, 1950.

Gus C. Garcia, Carlos C. Cadena, San Antonio, for appellants.

David A. Grose, Nago Alaniz, Alice, for appellees.

BROETER, Justice.

This is an appeal from a judgment granted the plaintiffs in a trespass to try title suit filed in Jim Hogg County by Delfina R. de Montalvo and Eduardo Montalvo against Francisco Villarreal and Aurora R. de·Villarreal.

On January 3, 1945, the parties hereto entered into a written pasture lease covering 509.2 acres of land, known as Share No. 4 of the Las Vivoritas Grant in Jim Hogg County, Texas. The lease was for a term of two years, for an annual rental of $200.00 per pear, payable in advance. It contained a provision whereby the appellees ·agreed to sell and convey the land leased ·to the appellants at the expiration of the lease term, for an agreed sum of $10.00 per acre. The lessees went into possession of the land, used the same for pasturage purposes for the two years and paid the rentals, and at the expiration of the two-year period continued in possession and lessors· filed this suit. Plaintiffs in their original petition alleged they were. the owners· of 254.6 acres of. the land, forming an undivided part or portion. of said Share

No. 4, and prayed for title and possession of said land and premises, and for $1000.00 damages for withholding possession. Defendants' original answer consisted of a plea of not guilty, but on October 4, 1949, they filed a. first amended answer, which contained several exceptions to plaintiffs' petition, a plea of not guilty and a cross-action setting up the contract and reciting they had, pursuant thereto, entered into possession of the 509.2 acres of land, paid rental thereon, and had tendered payment of the purchase price at the end of the two year period, but plaintiffs refused to accept same; that they stood ready and able to perform their part of the contract of sale but plaintiffs were not and that they had deposited in escrow $2,546.00 in the First National Bank of Hebbronville for plaintiffs, being the purchase price of plaintiffs' one-half interest, but plaintiffs refused to accept said amount; that plaintiffs refused to furnish abstract or deliver deed, and defendants had tendered $2,546.00 and un-signed deed but met with refusal. Defendants further alleged they were put to trouble and expense in attempting to get plaintiffs to deliver title, to their damage in the sum of $250.00; that at the time of entering into the contract plaintiffs only owned an undivided one-half interest in the 509.2 acres, the other half being owned by a sister, Maria Montalvo Ramirez, and that plaintiff Eduardo Montalvo at such time promised to secure the signature of said sister to a leasing or sale contract of similar import but had failed to do so, and defendants prayed judgment for an undivided one-half of said land and for $250.00 damages, and for writ of possession and costs. Plaintiffs on December 9, 1949, filed a first amended original petition in lieu of their original petition, in which they sued in trespass to try title for one-half interest in said Share No. 4 and for $1,000.00 damages, which they allege to be the reasonable rental value of the land for the sixteen months defendants have used it unlawfully, and such amendment contains several special exceptions to cross-plaintiffs' petition, a general denial, and a denial of any consideration passing to them from cross-plaintiffs in connection with the alleged agreement of sale, and a special answer setting up that they were unfamiliar with the English language and did not and could not read the agreement; that they were only leasing the surface and at no time intended the instrument to contain or be a contract for sale of their interest in the property; that the portion of the contract referring to an agreement to sell was not read to them, or if it was, in the translation of same the idea was not conveyed to them that the paper purported to be an agreement to sell, and therefore there was no meeting of minds of the parties and that no consideration passed to cross-defendants for said contract; and further alleged as a set-off to any claim cross-plaintiffs have for damages, the value of the use of the premises to cross-plaintiffs, which they say is an amount equal to the $250.00 claimed by cross-plaintiffs as damages, and they pray that cross-plaintiffs take nothing and for costs.

The case was put to trial before the court with the aid of a jury and resulted in a discharge of the jury by the court and entry by him of a judgment in behalf of plaintiff for the title and possession of an undivided one-half of the land, and for $137.00 in damages and for costs, and denying the relief prayed for by the defendants in their cross-action and answer for damages and specific performance and rescinding the contract of sale.

It is apparent from the statement of facts in this case that in arriving at this judgment the trial court determined that the contract sued upon by defendants was an indivisible contract and could not be the subject of specific performance.

Appellants contentions are presented in their briefs in two points. They first contend in effect that as they had performed all conditions precedent and had tendered the amount called for in the contract and demanded a deed, the trial court erred in withdrawing the case from the jury and entering a judgment for appellees; and they next contend, where a vendor is unable to convey the full title he contracted to sell, the vendee may elect to take that which the vendor had, and the vendee will

be allowed a proportionate abatement of the purchase price.

We are of the opinion that the trial court erred in rendering the judgment entered in this case, and that on account of such error this case should be reversed and remanded for a new trial.

At the time of execution of the contract, Eduardo Montalvo, with his wife, and Maria de Los Angeles Montalvo Ramirez owned the 509.2 acres of land described in the contract, each owning an. undivided one-half interest therein. The parties signing the contract knew of this ownership. Eduardo Montalvo in leasing the land was acting for himself, and signed a contract in which he included the half interest owned by his sister. The contract was in force for two years and appellants went in possession and paid the rent as provided in the lease. There is no evidence in the record to show or indicate that Mrs. Ramirez ever objected to this lease contract or to appellants' possession of her one-half of the land. The provisions of the lease concerning the agreement to sell and convey are as follows:

"It is specially agreed and understood by and between the parties hereto that the party of the first part at the expiration of this contract, have agreed and obligates to sell said property to party of the second part at the price of $10.00 per acre, at the expiration of this contract, party of the second part obligates to deliver to party of the first part the amount of One Thousand ($1,000.00) and No/100 Dollars, as initial payment, and afterwards the amount of Seven Hundred-Fifty ($750.00) and No/100 Dollars annually, until said gross amount of the value for said property will be paid in full, and it also has been agreed and understood that there will be staright payments without interest to be add— to said payments.

"It also has been agreed and understood by both parties that title or abstract for said property will be furnished by party of the first part, at his own expense, delivering to party of the second part, a general warranty to said property.

"If the title to said property, as shown by the abstract, is not good, and the objections thereto are not cured or removed by said party of the first part in a manner and within the time permitted by party of the second part, then said party of the second part shall have the right to declare this contract at the end and no longer binding on him, and same shall thereupon become null and void, and said party of the second part shall be entitled to the return of all money by him paid by reason of this agreement, said money being considered the money paid in payment of the purchase of said property."

This contract does not contain the name of Mrs. Ramirez as lessor, nor does it contain any stipulation providing for or requiring her signature thereto. Appellants, in paragraph XI of their First Amended Answer and Cross Action, allege:

"That Plaintiffs at the time of entering into said above described agreement owned only an undivided one-half interest in and to said 509.2 acres of land and that the other undivided one-half interest was owned by Maria de los Angeles Montalvo Ramirez, sister of Plaintiff Eduardo Montalvo, that Plaintiff Eduardo Montalvo, promised at the time of execution of said agreement to secure the signature of said Maria de los Angeles Montalvo Ramirez to a leasing and sale contract of similar import but that he failed to do so."

The evidence establishes that Eduardo Montalvo promised at the time he executed the contract that he would obtain the signature of his sister but that he said he was unable to do so.

In a large number, if not all, of the cases that we will refer to and cite in this opinion in support of the right of a purchaser to specific performance against a co-owner for his undivided interest in land, it appears that the parties signing the contract knew there were other owners whose signatures were to be obtained; in some of such cases, some co-owners were named in the contract as sellers and it was intended by the parties that their signatures were to be obtained, but they were not obtained; and notwithstanding such proof, specific

performance was enforced in favor of the purchaser against the co-owners who did sign, with proportionate reduction of purchase price of the undivided interests not conveyed. We believe that the pleadings quoted above and the evidence introduced make this case one in which the remedy of specific performance applies, and that the same comes within the rules allowing such remedy, although it was intended to obtain other signatures which were not obtained.

The case of Ward v. Walker, Tex.Civ. App., 159 S.W. 320, 322, in which a writ of error was denied by the Supreme Court, is authority for our holdings in the instant case. In that case Ward sued W. G. Walker and those of his heirs who signed a contract for the conveyance of 628½ acres of land. The purchase price was $17.00 per acre. W. G. Walker and all of his heirs were named in the contract as first parties and it recited they agreed to sell the said tract of land to Ward for such price. W. G. Walker and the other named heirs, with the exception of A. R. Walker, signed the contract. The fact that A. R. Walker's name was included in the contract as one of the owners, and other facts in the case clearly indicated that the parties intended that A. R. Walker should sign. In that case the court said: "There was no understanding by the parties to the contract, or any of them, that it was not to be binding upon any of them unless all of them were bound. It was understood by Ward that the Walkers owned undivided interest in the land." Paragraph 3 in said opinion fully explains the appellant's contention in that case and recites that he complains of the holding of the trial court to the effect that the contract which he sued upon was indivisible and could not be enforced against any of the grantors because it was not binding upon all the joint owners of the land.

The holding of the Court in that case on this point is as follows: "Each had the right to sell his interest without regard to the wishes of the others. Naturally it was supposed that all would join and thus effectuate a sale of the whole, but there was no condition attached to the contract or understood by the parties that none should be bound unless all were. The following authorities support the proposition contended by appellant that he is entitled to have the contract specifically performed by appellees as to the undivided interest owned by them, with a corresponding abatement of consideration. Keator v. Brown, 57 N.J. Eq. 600, 42 A. 278; Melin v. Woolley, 103 Minn. 498, 115 N.W. 654, 946, 22 L.R.A., N.S., 595; Tillery v. Land, 136 N.C. 537, 48 S.E. 824, 825; Campbell v. Hough, 73 N.J.Eq. 601, 68 A. 759; Tobin v. Larkin, 183 Mass. 389, 67 N.E. 340; Meek v. Walthall, 20 Ark. 648. The case last cited from the Supreme Court of Arkansas is in all respects on all fours with the present case."

The Ward v. Walker case is followed in Hays v. Marble, Tex.Civ.App., 213 S.W.2d 329, 335, where the court in speaking of appellees' claim said: "They contend that the contract should be construed as indivisible. * * * Such contracts always imply that all of the owners mentioned as sellers will join in a conveyance and effectuate a sale of the entire interest held by all of them but, where there is no condition stipulated in the contract, nor any agreement by the parties that none should be bound unless all are, there is neither inequity nor injustice in requiring those who are bound to perform the contract as far as they are able to do so. Each of them receives the consideration provided for him in the contract and he is therefore, not deprived of any right or subjected to any injustice. He has as much right to sell his interest as he would have to sell all of the property if he were the sole owner."

In the above case the trial court at the close of the testimony sustained appellees' motion for an instructed verdict alleging, among other things, the contract was an entire and indivisible contract, and since it could not be enforced as to all parties named as sellers it could not be enforced as to any of them. The appellate court held the trial court erred in granting the instructed verdict and reversed and remanded the case. A writ of error was dismissed by the Supreme Court in the above mentioned case.

We find the cases we have quoted from above have been followed and the rules

and principles announced approved in the late case of Dittoe v. Jones, Tex.Civ.App., 220 S.W.2d 315, in which a writ of error was also refused by our Supreme Court. In that case Jones sued Mrs. Dittoe and three others for specific performance of a written contract for the sale of land. A peremptory instruction was granted in favor of plaintiff and defendants appealed. The contract named the four appellants and four additional persons as first parties and Jones as second party. First parties agreed to sell second party 191.7 acres of land. The four additional persons did not sign the contract and were not parties to the suit. Appellants contended the contract should be construed as indivisible and specific performance should not be enforced against them unless all parties signed it. In this case the appellee testified, when he executed the contract it was not his intention to purchase a portion of the land unless he could purchase all of it. The judgment of the trial court was affirmed as against two appellants who owned undivided interests as they would receive the consideration for their interest in the land as written in the contract.

We have examined the pleadings in this case very carefully. In this opinion, we have stated, in substance, all portions thereof that are material to the issues involved in the appeal. Appellees have not in any of their pleadings alleged that the contract sued upon by appellants was conditioned on obtaining thereto the signature of Mrs. Ramirez and that same was not to be binding on them unless it was so signed by her. Under the above cases, even though that issue had been raised by appellees' pleadings or submitted to the court, the evidence of the appellant Francisco Villarreal, to the effect that he knew Montalvo's sister, Mrs. Ramirez, owned an undivided one-half interest, and that Eduardo Montalvo prom-ised to obtain her signature, would not establish that plaintiffs were not to be bound unless said signature was obtained. It appears from the statement of facts that the trial court, on his own motion, decided this case on the theory that the contract was indivisible and discharged the jury and entered the judgment. Eduardo Montalvo, plaintiff below, had not testified. Mrs. Montalvo, although testifying, did not claim she and her husband were not to be bound in the event Mrs. Ramirez did not sign.

The oral evidence heard in this case, on which the court relied in rendering judgment, only established that the parties knew there was an outstanding undivided interest owned by Mrs. Ramirez, whose signature Eduardo Montalvo promised to obtain. According to the cited cases, such knowledge and intention exists in nearly all similar cases, but the same is not sufficient to warrant refusal of specific performance against a co-owner who agrees to sell—there must be some statement in the contract or evidence of an oral agreement to the effect that those who sign would not be bound unless all sign.

The contract provided for a consideration of $10.00 per acre, $1000.00 to be paid in cash and the balance, $750.00 annually, without interest, until all was paid. The defendants tendered plaintiffs the full consideration for their half of the land in cash. Thus they would receive the full amount of consideration for which they agreed to sell, and specific performance, if allowed, would not work any injustice on them. The trial court erred in entering judgment and on account of such error, and because there are issues in the case that have not been determined, the judgment will be reversed and the cause remanded.