HANS G. STUB and others *vs.* J. T. GRIMES.

April 27, 1888.

**Vendor Held not Bound by Contract not Executed by All the Purchasers.**—A written instrument, designating the plaintiffs and the defendant as the respective "parties" thereto, and being in the form of a contract for the conveyance of land by the defendant to the plaintiffs, and specifying certain obligations on the part of the latter to be performed subsequent to the conveyance, construed to have been intended to be executed by both parties as a mutual contract, and although executed by the defendant and by a part (only) of the plaintiffs, it was not binding upon the former.

*Same—Possession and Improvements by Purchasers.*—The mere fact that plaintiffs went into possession of and improved the land, with the consent of the defendant, does not make a case, entitling them to relief, in the nature of specific performance, or of damages.

Appeal by plaintiffs from an order of the district court for Hennepin county, *Lochren, J.*, presiding, refusing a new trial, the court having refused to receive evidence, and having ordered a dismissal at the trial, for failure of the complaint to state a cause of action.

*Lomen & Torrison*, for appellants.

*Grimes & McDowell*, for respondent.

DICKINSON, J. This action is prosecuted by seven individual plaintiffs, and by a corporation of which such individuals, excepting one, are members, to recover damages for an alleged breach of a contract to convey land. The principal question in the case is as to whether the complaint shows the making of a legal and obligatory contract. The written instrument set forth in the complaint was signed by the defendant and by four of the seven persons (plaintiffs) named in it as parties of the second part. Its provisions, so far as need be here referred to, are as follows: "I herewith submit the following as a basis of an agreement between J. T. Grimes, party of the first part, and [the individual plaintiffs are here named] and associates, parties of the second part: In consideration, etc. *First*, I will give ten acres of ground, [described,] the same to be used for the purpose of an institution of learning. The said parties of the second part will be required to erect buildings thereon, to cost not less than from twenty to forty thousand dollars, and commence the same within two years from date, and use reasonable diligence to complete the same, *i. e.*, to have them ready to occupy for the opening of the fall term of 1888." Then follow provisions that if the parties of the second part shall conclude to dispose of the land for any other purpose, within 20 years, two-thirds of the appraised value of the land, without the improvements, shall be paid to the plaintiff; and if the land shall be retained for the specified purpose for 20 years, the parties of the second part shall own and may sell the land for any purpose. It is further expressed that "if the parties of the second part fail to perform their part of the obligation in erecting a building and maintain-

ing a school, as herein set forth, and in the time specified, tnen the lands hereby granted shall be forfeited, and fall back to the original owners, and all the agreements herein contained shall be void and of no effect, unless such failure of the party of the second part to fulfil their part of this contract in the time specified be caused by accident or Providence.   *   *   *   I will give warranty deed when parties of the second part commence operations for building and improvements.    I will also, in consideration for the sum of '$1,000, sell to the parties of the second part five acres of land additional, [described.]" This was signed as above indicated, and delivered, as is alleged, to the plaintiffs.

The signing by the four persons who subscribed this instrument was not an execution of it by the seven parties named, with whom, according to its terms, the defendant proposed to contract, and the writing cannot be construed as expressing the mutual agreement of the persons named as the contracting parties.    It was not, therefore, binding upon the defendant, unless it is to be construed as having been intended to be unilateral only, and obligatory upon him without any express obligation being assumed by the other persons named as parties to it.    The form and language of the instrument forbid its being construed as a mere offer on the part of the defendant to negotiate upon the subject specified, and without any intention to here embody the terms of a proposed contract.    Nor, most naturally construed, can it be deemed to have been intended to express a mere unilateral obligation.    It is most naturally read as a proposed mutual contract, contemplating that the "parties of the second part" should become legally obligated by a proper execution of the instrument embodying its terms.    There is a particular and formal designation of the two parties to the transaction, and mutual obligations are distinctly expressed, which are to be performed in the future. It is specified that the parties of the second part "will be required" to erect, within a stated time, buildings to cost not less than a designated sum, and provision is made with respect to a failure by them "to perform their part of the obligation" in erecting a building and maintaining a school, or to fulfil "their part of this contract."  Such provisions are significant of an intention that the persons named as

parties of the second part should actually become parties to the contract embodied in terms in this instrument, by executing the same so as to make the specified "obligation" legal and binding upon them. This conclusion is strengthened by a consideration of the facts that while the proposal to convey this land was evidently made, in part at least, for the purpose of securing the establishment and continuation here, by the effort of the parties of the second part, of an institution of learning, the greater part of their obligation was to be performed not until after the land should have been conveyed to them, for the defendant was to make the conveyance when they should have commenced building operations. We think that the instrument must be deemed to have contemplated a mutual obligation, and the execution of this instrument by one of the parties only did not make it legally binding upon him.

It is urged, however, that the obligations here expressed became mutually binding through an acceptance of the proposal to convey, and by the subsequent conduct of the parties. The complaint alleges that within two years after the date of this instrument, the plaintiffs, with the knowledge and consent of the defendant, entered into possession of the premises, and commenced the erection of buildings for the purpose and of the character specified in the writing in question, and laid the foundations for one building, at a cost of $400, at a place designated therefor by the defendant; that the defendant thereafter accepted the work done upon the premises as a full and complete performance of the conditions of the agreement precedent to a delivery of a deed of the 10-acre tract; and that the defendant has since conveyed the same to another person. The complaint was evidently framed upon the theory that the written instrument contained a complete agreement on the part of the defendant. As we have already indicated, we do not consider that the instrument was intended to or does express any agreement except as a part of a contemplated contract, which does not appear to have been ever completed. If the written instrument is to be construed as requiring that it be executed by the persons named as the contracting parties, as a condition of the defendant being bound by it, that could not be subsequently dispensed with by a mere parol agreement to do so, and by a parol ac-

ceptance of what had been done as satisfying, or rather in place of, that which the writing required. That would be to substitute the oral agreement of the parties, in part at least, for the written memorandum of the contract which the statute requires. *Brown* v. *Sanborn,* 21 Minn. 402. Assuming that, in a proper case, relief might be granted in damages upon equitable grounds, we think that no such case is shown by the complaint. It does not appear that there was any agreement prior to the acts done by the plaintiffs, of which agreement such acts can be deemed to have been a part-performance. It appears that what was done with the consent of the defendant was "thereafter" accepted by him as a performance of an alleged "agreement," but it also appears that no such agreement was ever made.

Order affirmed.