PATRICK TOBIN *vs.* BRIDGET LARKIN & others.

Essex.    March 9, 1903. — May 22, 1903.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Frauds, Statute of,* Memorandum.    *Equity Jurisdiction,* Specific performance. *Contract,* Performance and breach.    *Lis Pendens.*

The words "house and land No. 10 Howard Street," are a sufficient description of the property designated to satisfy the statute of frauds, although followed by the words "belonging to B. L.", which constitute an inaccurate statement of the ownership, B. L. being one of three tenants in common.   The words last quoted do not create any uncertainty as to the property intended, and may be discarded as immaterial.

Where the memorandum of a contract for the sale of real estate is signed by an agent, described as such, his principals may be held, although the description of the property is followed by the words "belonging to B. L.", incorrect because B. L. is only one of three tenants in common, the words quoted being discarded as an unnecessary and incorrect part of the description, instead of being treated as a statement of the parties to the contract.

On a bill to enforce the specific performance of a contract to convey certain real estate, if it appears that the defendants own only eleven undivided twelfth parts of the property which they contracted to convey, the plaintiff has a right to a conveyance of the defendants' interest in the property, if he chooses to take it, upon payment of eleven twelfths of the purchase money.

If the plaintiff is ready and willing to perform a contract to purchase land and the defendant refuses to convey the land, the plaintiff can maintain a bill for specific performance without a tender of the purchase money.

A pending action at law to recover damages for a breach of a contract to convey certain land is no bar to a bill to enforce the specific performance of the same contract.

BILL IN EQUITY, filed July 7, 1902, to enforce the specific performance of a contract to convey certain real estate in Lawrence.

In the Superior Court the case was heard by *Sherman,* J. He declined to rule as requested by the defendants, and entered an order for a final decree that Bridget Larkin and Maria Larkin convey their interests in the property to the plaintiff upon payment to them of the sum of $1,535.49, being eleven twelfths of the price named in the memorandum, after deducting the sum of $25 already paid, and found that there was not sufficient evidence to justify a decree against Martin Larkin. The defendants Bridget and Maria alleged exceptions.

*W. S. Knox,* for the defendants Bridget and Maria Larkin.

*J. P. Sweeney, (J. P. S. Mahoney* with him,) for the plaintiff.

KNOWLTON, C. J. This is a bill in equity to obtain specific performance of a contract for the sale of certain real estate. The property belonged to the three defendants as tenants in common, the two sisters Bridget Larkin and Maria Larkin together owning eleven twelfths and their brother Martin owning one twelfth of it. Bridget and Maria placed the property in the hands of one Otto, a real estate agent, for sale, and he sold it to the plaintiff and made a written memorandum of the contract, as follows: " Lawrence, Mass., May 12, 1902. Received of Patrick Tobin twenty-five dollars as part payment of house and land No. 10 Howard Street belonging to Bridget Larkin. The price to be paid is seventeen hundred dollars ($1,700). Lot is 100 by 210 feet. Herman Otto, Agent." When they authorized Otto to sell the estate they supposed they had a perfect title to it, not being aware of their brother's ownership of a twelfth interest. It appeared in evidence that after they were informed of the sale they told Otto that they would not make a conveyance to the plaintiff, and Otto informed him of that fact. The evidence tended to show that the plaintiff had always been ready and willing to carry out his contract, pay the purchase price and take a deed, and that when he went to see if the deed would be ready at the time previously agreed upon, Otto told him of the defendants' refusal and offered to pay him back the money which he had deposited, which he declined to receive. He afterwards brought a suit at law for damages, and went to see the female defendants, demanding a settlement, but they did nothing about it. So far as appears, the ownership of one twelfth by the brother was not the cause of any disagreement

between the parties, but these defendants said that the property was sold too cheaply. The judge found that there was no evidence to warrant a decree against the defendant Martin Larkin, but inasmuch as the plaintiff desired a decree for the eleven twelfths owned by the female defendants, a decree was ordered for him against them, requiring them to convey their shares upon his payment of eleven twelfths of the purchase price.

The defendants contend that the memorandum is insufficient to satisfy the statute of frauds, on the ground that it does not describe the property sold nor name the parties to the contract. The words, " house and land No. 10 Howard Street " are a complete designation of the property, whose boundaries and dimensions can be ascertained by reference to the deeds. There would be no question about this description, were it not for the words, " belonging to Bridget Larkin," which are an inaccurate statement of the ownership. But this does not create any uncertainty as to the estate intended. It may, therefore, be discarded as immaterial.

There is a question whether the memorandum contains a sufficient statement of the parties to the contract. It seems now to be settled in this Commonwealth that where one of the parties to a contract is acting by an agent and the memorandum is signed by the agent as a party, without disclosing his principal, there is a sufficient designation of the parties, and the principal may sue or be sued upon the contract. *White* v. *Dahlquist Manuf. Co.* 179 Mass. 427. *Lerned* v. *Johns*, 9 Allen, 419. In *McGovern* v. *Hern*, 153 Mass. 308, it was held that the auctioneers were not designated as a party to the contract acting as an agent for the owner, but were only referred to as persons who would conduct the formal part of the auction sale. These decisions would seem very plainly to cover the case at bar, were it not for the words " belonging to Bridget Larkin ", used as a part of the description. If these are to be taken as a statement of one of the parties to the contract, there is difficulty in treating the signature by an agent as a signing of a party who acts for a principal undisclosed by the writing, whose identity may be established by oral testimony. We are not free from doubt as to the construction that should be put upon the memorandum in this particular. We are of opinion, however, that the words

quoted above should be considered rather as a part of the description of the property than as a statement of the contracting party, and that when they are shown to be wrong as description they should be discarded altogether, leaving the party to be ascertained through the signature to the memorandum, which is that of an agent whose principals may be proved by oral testimony. In this view we have a sufficient statement of both of the contracting parties. The memorandum is therefore binding upon the two female defendants whom Otto represented.

Inasmuch as they are unable to convey a perfect title, the plaintiff has a right to a conveyance of all their interest in the property, if he chooses to take it, with a proper abatement in the purchase price on account of the share which they do not own. The right to relief in this form is established by numerous decisions of this court. *Woodbury* v. *Luddy*, 14 Allen, 1. *Davis* v. *Parker*, 14 Allen, 94. *Adams* v. *Messinger*, 147 Mass. 185, 191. *Milkman* v. *Ordway*, 106 Mass. 232.

The contention that the bill cannot be maintained for want of a formal tender of performance by the plaintiff, is without foundation. The defendants' repudiation of their contract from the beginning, when the plaintiff sought performance of it and was ready and willing to perform his part, relieved him from any duty formally to tender performance. Their conduct was equivalent to a waiver of any right to insist upon a tender, as a preliminary to the plaintiff's enforcement of the contract. *Mansfield* v. *Hodgdon*, 147 Mass. 304. *Carpenter* v. *Holcomb*, 105 Mass. 280.

The defendants do not contend that the pending action at law is a bar to this suit. See *Connihan* v. *Thompson*, 111 Mass. 270.

*Exceptions overruled.*