E. LUTHER MELIN v. MARY M. WOOLLEY.[1]

March 13, 1908.

Nos. 15,390—(120).

**Specific Performance.**
When a purchaser insists on the specific performance of a contract by a vendor, who has agreed to sell a larger interest in land than he has, the vendee is entitled to take what the vendor can give, and to demand compensation for what he does not give.

**Same—Against Tenant in Common.**
Where a tenant in common executed a contract for the sale of property in her own name, and also, but without authority, in the name of her co-tenant, and the co-tenant repudiated the act, the promise made by the signing tenant may be enforced as to her interest.

Action in the district court for Hennepin county to obtain the execution by defendant of a full warranty deed of the north one half of a certain lot. Defendant's demurrer to the complaint was sustained, Holt, J. The complaint not having been amended within the time granted, judgment was entered in favor of defendant. From the judgment plaintiff appealed. Reversed.

The complaint set forth the following facts: The plaintiff and the respondent entered into a written agreement whereby, in consideration of one dollar from the plaintiff as earnest money and in part payment of the purchase price of certain described property, "we [defendants] as owners," have this day sold and agreed to convey to plaintiff for the sum of $1,140. The contract was signed:

Mary M. Woolley.

E. A. Kemp,

by Mary M. Woolley.

Defendant held herself out to plaintiff as the owner in fee of the divided north one-half of the lot mentioned, and represented that one Kemp, a nonresident, was the owner in fee of the divided south half. Defendant represented to plaintiff that she had authority from Kemp

---

[1] Reported in 115 N. W. 654, 946.

to act as his agent in making the sale. There was at the time of the agreement a double frame dwelling situated on the lot. The two portions of the separate and distinct dwellings were of equal value. Before the time arrived when the balance of the purchase price was to be paid, defendant notified plaintiff that she refused to be bound by the agreement; that her co-owner, Kemp, refused to convey his portion of the lot; and that as a matter of fact she never had authority from him to act as his agent. On investigation plaintiff discovered that defendant was the owner of an undivided one-half of the said north one-half of the lot, and no more. Plaintiff performed or tendered performance on his part. The prayer for relief was "that [respondent] execute to [appellant] a full warranty deed of the north one-half of said lot, or of such portion thereof as shall appear to be owned by her; that in case, for any reason, a conveyance cannot be made, the appellant shall have such indemnity by way of damages as the nature of the case may require, and with such other relief as to the court shall seem just and equitable." From an order sustaining a demurrer to this complaint, this appeal was taken.

*W. Paul Moorhead,* for appellant.

*H. D. Irwin,* for respondent.

JAGGARD, J. (after stating the facts as above).

The defendant contends that complaint does not state a cause of action for three reasons: "(1) The writing sought to be enforced is not a complete contract, is unenforceable, and binds no one. (2) The contract cannot be enforced because as to respondent it is indefinite and uncertain, and cannot be made certain by anything referred to in it. (3) The contract is entire and indivisible, and is shown to be void as to Kemp—that is, void in part; hence it is wholly void." In sustaining this view of the contract we think the trial court was in error.

In the first place, the mere fact that defendant had title to an undivided one-half of the north half, instead of title to the north half, does not entirely prevent specific performance. It is elementary that land contracts in particular are specifically enforced, inter alia, because "one who has contracted to purchase a particular tract of land cannot get its exact counterpart anywhere. * * * It is a unique

thing, not capable of being duplicated. * * * It is [in consequence] as much a matter of course for a court of equity to decree specific performance (of a valid land contract) as it is for a court of common law to give damages for breach of such a contract." Eaton, Eq. 527, 528. This reasoning has been followed so as to require a court to enforce a land contract with a variance, or to grant partial performance, notwithstanding the conventional arguments which are urged here, based on the incompleteness of the contract, its want of mutuality, its entirety or indivisibility, and the necessary use of parol proof despite the statute of frauds. "The rule as to the purchaser is that, though he cannot have a partial interest forced upon him, yet if he entered into the contract in ignorance of the vendor's incapacity to give him the whole, and chooses afterward to take as much as he can get, he has generally * * * a right to insist on that, with compensation for the defect. * * * There is nothing in the general rule of which the vendor can complain. It is his own fault if he has assumed obligations which he cannot fulfil. The vendor is not compelled to convey anything he did not agree to convey; and the vendee pays for what he gets, according to the rate established by the agreement." Waterman, Spec. Perf. p. 701, § 499. This is the elementary theory of partial performance. It applies indifferently, whether the difference between what was contracted for and what was conveyed is one of tenure or of quantity. Eaton, Eq. 560; 4 Current Law, 1508, notes 68, 69. And see Tobin v. Larkin, 183 Mass. 389, 67 N. E. 340.

In the second place the mere fact that the one co-tenant repudiated the authority of the other co-tenant to execute the contract on his behalf does not prevent a court of equity from requiring the partial performance under the circumstances of this case. It would violate well-established equitable principles to permit defendant to assign a reason for denying such relief that she had acted without authority. She was guilty of either fraud or innocent misrepresentation. The suggestion is made that she expected her co-tenant to join. Probably the complaint is sufficient as against a demurrer, to assert a fraudulent misrepresentation in the sense, at least, that the misrepresentation of a material fact as true, without knowing whether or not it was true or false, and which misleads the other party to the contract,

is equivalent in legal effect to fraud. If, however, it be regarded as a mere mistake, then the case is within the familiar rule laid down in Tyson v. Passmore, 2 Pa. St. 122, 44 Am. Dec. 181, by Chief Justice Gibson, "that judge of great and enduring reputation": "The consequence of an innocent misrepresentation, if there can be such a thing, must fall on him who was the author of it, on the principle that the acts of even an innocent man shall prejudice himself rather than a stranger equally innocent." As between the plaintiff and the defendant, the fault was that of the defendant. Her plea is not good. Considerations of inconvenience reinforce this natural reasoning. If defendant's contentions were accepted, it would be optional in such a case with the landowners whether the contract should be performed or not. Plaintiff would be bound at their will. If defendant's co-tenant saw fit not to question the authority, plaintiff would be held to his promise. If that co-tenant should repudiate, neither owner would be obligated. Such speculation would be as unjust in effect as improper in theory.

The conclusion thus reached on principle is sustained by the weight of specific authorities. On the one hand Keator v. Brown, 57 N. J. Eq. 600, 42 Atl. 278, is this identical case, in which it was held that partial performance may be decreed. This is also the opinion of the supreme court of the United States, although it may have been somewhat incidentally expressed. Cochran v. Blout, 161 U. S. 350, 354, 16 Sup. Ct. 454, 40 L. Ed. 729. Tillery v. Land, 136 N. C. 537, 48 S. E. 824, it will be found on close examination, is in accord. The substance of Tobin v. Larkin, 183 Mass. 389, 67 N. E. 340, is this: An agent, acting for two sisters, who supposed they owned the whole of a tract of land, contracted to sell it. In fact they owned only eleven-twelfths. It was held that, inasmuch as they were unable to convey a perfect title, the plaintiff had a right to a conveyance of all their interest in the property if he chooses to take it, with a proper abatement in the purchase price on account of the part which they did not convey. Naylor v. Stene, 96 Minn. 57, 58, 104 N. W. 685, is in accord with the conclusion here reached, although it may not necessitate it. On the other hand, the supreme court of California has accepted and enforced the view for which the defendant contends.

Olson v. Lovell, 91 Cal. 506, 27 Pac. 765; Jackson v. Torrence, 83 Cal. 521, 23 Pac. 695.

Defendant has referred us to a number of authorities which are plainly distinguishable. In Stub v. Grimes, 38 Minn. 317, 37 N. W. 444, a contract which named seven persons with whom, according to its terms, defendants proposed to contract, was signed by four of them only. It was held that damages were not recoverable on its breach, because the contract was incomplete and did not bind defendant. That was an action at law for damages; this is a proceeding in equity for specific performance. That contract at no stage purported to be complete; this did. There no wrong or mistake was attributable to defendant; here defendant's fault precludes his objection. In Snyder v. Neefus, 53 Barb. (N. Y.) 63, the agreement which the court refused to specifically enforce was subscribed by a third person, who purported to act as agent for two co-tenants. His authority failed as to one co-tenant. The other co-tenant was guilty of no fraud or mistake. The act of the agent in signing for him was authorized, but the unauthorized act of the agent in signing for the other co-tenant was not his act directly or indirectly. There is very grave doubt, moreover, whether this case is not at variance at many points with the views which are now generally accepted. In Price v. Griffith, 1 De Gex, M. & G. 80, it was held that where the contract was for the lease of a colliery as an entirety, and the defendant was not shown to have made any misrepresentation as to his title or otherwise, it could not be enforced against him. The case turned on its own particular facts. Lord Justice Knight Bruce said, inter alia: "Cases may be conceived where a person, who has contracted to convey more than he has it in his power to convey, ought to be decreed to convey what he can, either with or without compensation to the vendee for such part of the subject-matter of the contract as the vendor is unable to convey."

The conclusion thus reached on the merits of the controversy controls this case, despite the objections to the mere form of the complaint. Defendant insists that that pleading is defective because it does not allege plaintiff's ignorance of defendant's lack of authority, or his reliance on defendant's claim of authority, to sign for the co-

tenant. Plaintiff made out a cause of action for some relief, as at least for the recovery of the consideration paid. The point thus presented is, moreover, too fine and technical to justify the refusal to consider the question on the merits or the imposition upon plaintiff of the costs of a necessary appeal.

Reversed.

On April 10, 1908, the following opinion was filed:

PER CURIAM.

In her motion for a reargument, defendant insists that the opinion of this court in this case fails to "take into consideration the fact that the parties whose names are in the contract were not and did not hold themselves out to be tenants in common." It was assumed throughout the argument that the fact was otherwise. In defendant's brief the following sentence is italicized: "The legal effect of the writing is that Kemp (owner of the divided half) and respondent (this defendant) are tenants in common." The point is not available to defendant in this appeal. The change, moreover, in the opinion, if defendant's present view was accepted, would be in terminology only.

Defendant also urges that "the tender in the complaint is not according to the contract." Apart from the question whether this point was made by defendant on the original argument, the complaint alleges defendant's refusal to carry out any of the promises of the agreement, due performance of such agreements on his part, and plaintiff's readiness and willingness to pay defendant the balance of the purchase price, or a proportionate amount of the purchase price for such portion of said lot as defendant owned and was able to convey. The consideration to be paid on partial performance has not been determined to be one-half of the purchase price of the whole, but such proper part as the trial court may determine.

No other portion of the motion, calls for special consideration, in view of the opinions previously expressed herein.

Motion denied.