## BOYCE ET AL. v. HOLLOWAY.

[No. 6,639.   Filed March 11, 1910.]

1. SPECIFIC PERFORMANCE.—*Sales.—Description of Lands.—Fraud. —Complaint.*—A complaint alleging that defendants sold to the plaintiff all of the lots owned by them within a certain enclosure except one lot in the southwest corner and possibly two in the southeast corner, that in executing the deed they omitted certain other lots which they owned, that the plaintiff paid the agreed price, and that as soon as he ascertained the facts he demanded a conveyance of the remainder, which was refused, is sufficient, the description of the land contracted for being capable of ascertainment. p. 537.

2. SPECIFIC PERFORMANCE.— *Sales of Lands.— Consideration.— Fraud.*—The fact that vendors contracted to sell certain lots for less than their market value does not justify them in fraudulently refusing to include all of such lots in their deed. p. 539.

3. SPECIFIC PERFORMANCE.— *Real Property.— Contracts.— Inadequacy of Consideration.*—Specific performance lies to enforce contracts for the sale of real estate; but inadequacy of price can be invoked as a defense only so far as it furnishes evidence of fraud as a fact. p. 539.

4. APPEAL.—*Weighing Evidence.*—The Appellate Court will not weigh conflicting evidence. p. 539.

From Jay Circuit Court; *John F. LaFollette,* Judge.

Suit by Jonathan Holloway against James Boyce and another. From a decree for plaintiff, defendants appeal. *Affirmed.*

*Claude C. Ball* and *Smith & Moran,* for appellants.

*Orr & Orr,* for appellee.

MYERS, C. J.—Appellee sued appellants, James and Margaret Boyce, husband and wife, for specific performance of a contract for the sale and conveyance of certain real estate. A demurrer to the complaint for want of sufficient facts was

overruled, and this ruling and the overruling of appellants' motion for a new trial are assigned as errors.

From the complaint it appears that appellant James Boyce, was on May 5, 1906, and for some time prior thereto had been, the owner of a certain tract of land in Jay county, Indiana, which was enclosed by a wire fence; that prior to said date said tract had been platted into town lots, streets and alleys, and was a part of what was designated on the plat book of said county as "James Boyce's First and Second Additions to the Town of Redkey;" that the streets and alleys had not been graded nor improved, and there was nothing to indicate their location, or the location and boundaries of the lots, or to indicate that said tract of land had been platted into lots, and said tract was without any buildings thereon; that on said May 5 defendant James Boyce and plaintiff, both of whom resided at Muncie, went to Redkey to view said premises and to negotiate for the purchase and sale thereof; that said defendant then pointed out to plaintiff said tract of land enclosed by said fence, and represented to plaintiff that he owned all the lots and lands thus enclosed, except lot No. 39, in the southwest corner thereof, and possibly two lots in the southeast corner of the enclosure, which he had already given, sold or conveyed; that said defendant then offered to sell and convey to plaintiff, by a warranty deed, subject to all the taxes for the year 1906, all the lands then held and owned by him lying within said enclosure, at and for the price of $700, which offer plaintiff then accepted, and agreed to pay said defendant said sum for the lands within said enclosure, then held and owned by him. On May 7, 1906, in pursuance of said contract of purchase and sale, defendants made and executed to plaintiff a proper deed of conveyance for all of said lots within said enclosure in said second addition, but wrongfully and fraudulently, and with fraudulent intent to cheat and defraud plaintiff, omitted from said deed a description of all lots and tracts then owned by them in said first addition

within said enclosure, and tendered said deed to plaintiff in fulfillment of their said contract; that plaintiff was entirely ignorant of the proper description and designation of said lots, and the location of said streets and alleys, never having seen any plat thereof; that relying wholly upon the defendants fully and properly to describe said lots within said enclosure, as aforesaid, and believing said deed properly described and conveyed the lots, he accepted said deed and paid defendants $700, and had said deed recorded; that defendants, in pursuance of said contract put plaintiff in the full possession of the land so enclosed. On May 11, 1906, plaintiff, for the first time, learned that said deed did not convey all of said tract, as contracted for, purchased and paid for by him, and that the lots and parts of lots owned by defendants in said first addition to said town were omitted from said deed; that plaintiff at once made known that fact to defendants, and demanded that they execute to him the proper deed of conveyance for said omitted lots and parts of lots in said enclosure, and that they comply with and perform their said contract, and which they wrongfully and fraudulently refused, and still fail and refuse to do, to plaintiff's damage, irreparable loss and injury. It is then alleged that James Boyce represented Margaret Boyce, his wife, and in the execution of said contract acted for and in her behalf and as her agent, with full authority so to do, and that his acts and representations in the premises were done with her knowledge and consent, and accepted and ratified by her; that plaintiff has fully performed all of the conditions of said contract on his part to be performed, and that no equities or rights of third parties have intervened.

Appellants assert that the contract recited in the complaint was "too indefinite upon which to predicate an action for specific performance," because, when the vendor pointed out the enclosed field, subdivided into town lots, he stated he had sold one lot in the southwest

corner of the enclosure and possibly two lots in the southeast corner. The contract made May 5, 1906, was for the sale and conveyance of all that portion of the enclosed land owned by the vendor. The deed of conveyance delivered May 7, 1906, omitted thirteen lots and possibly two other lots in the enclosure, then owned by the vendor.

The offer to pay a certain price was based upon the representation of ownership of all the field except one lot and possibly two other lots, the location of the excepted lots being designated. The vendee expressed his willingness to purchase the remainder, leaving it to the vendor to execute a deed by which he would convey all he owned of the land pointed out. The vendor received the full price agreed upon and put the vendee in possession of all the land contemplated in the agreement, but omitted a definite portion thereof from the deed. There is no uncertainty or indefiniteness in the description of the land for the conveyance of which this suit was brought, the transfer of which was within the meaning and terms of the contract.

The description of the land in the contract was sufficient to furnish the means of identification. While it may be incomplete, yet its completion does not require the contradiction or alteration of that given. The boundary of the land was distinctly fixed by the fence which surrounded it. The contract was for the sale and conveyance of all the land appellant owned within the boundary fixed by the fence, with the exception of certain lots, the location of which was pointed out, providing the vendor should ascertain that they had been conveyed by him to others. The agreement left the excepted lots to be determined by appellants. This they assumed to do honestly and correctly, and to execute a deed in accordance with the terms of the contract. It is immaterial whether there was fraudulent intent on the part of the vendors on May 5, or in the execution of the deed on May 7; it is sufficient that it would be a fraud on the part of the vendors not to fulfil their agreement, it being within their power to do so according to its terms.

In the case of *Lingeman* v. *Shirk* (1896), 15 Ind. App. 432, the court said: "Such a contract, where the lands are to be thus selected by one party, is a valid and enforceable contract, upon the ground that although the lands are not specifically described, there is a definite mode of ascertaining them prescribed in the contract, and thus that which would otherwise be uncertain may be made certain." See, also, *Tewksbury* v. *Howard* (1894), 138 Ind. 103; *Leslie* v. *Merrick* (1885), 99 Ind. 180; *Roehl* v. *Haumesser* (1888), 114 Ind. 311; *Howard* v. *Adkins* (1906), 167 Ind. 184; *Maris* v. *Masters* (1903), 31 Ind. App. 235. The complaint was sufficient.

Under the assignment relating to the motion for a new trial, it is claimed on behalf of appellants that the evidence showed that the land conveyed by deed of appellants

2. was worth the price paid by appellee, and that therefore the charge of fraud was not supported. The evidence concerning the valuation of the land conveyed was indefinite, but if it had been sufficient for the court to determine that the price agreed upon was less than the market value, this fact alone would not uphold appellants in refusing to convey all the land embraced in the contract, and possession of which was delivered thereunder. *Hamilton* v. *Hamilton* (1904), 162 Ind. 430. Where land is the subject of a contract of sale, jurisdiction to award

3. specific performance is well established, and mere inadequacy of price is not of itself a defense, but is objectionable, only so far as it furnishes satisfactory evidence of fraud as a fact. Pomeroy, Contracts (2d ed.), §192 *et seq.*

Upon the evidence before us the court might well conclude that appellants were seeking to defraud appellee, and, without the interposition of the equitable remedy, would

4. do so. The record discloses abundant evidence in support of the decision of the trial court.

Judgment affirmed.