BAUERMEISTER *v.* SULLIVAN.

[No. 12,871. Filed February 17, 1928. Rehearing denied May 18, 1928. Transfer denied July 17, 1928.

*B. S. Aikman* and *Dix & Dix*, for appellant.

*McFadden & McFadden, Beasley, Douthitt, Crawford & Beasley* and *Donald Baker*, for appellee.

REMY, C. J.—Suit by appellant against appellee for specific performance of a contract to convey real estate. Complaint in three paragraphs. Material averments of

the amended first paragraph are, in substance, that on March 21, 1919, John Sullivan, being the owner of certain described real estate, executed under seal and delivered to appellant an option, wherein he agreed, "in consideration of one dollar in hand paid, the receipt of which is hereby acknowledged" to convey to appellant, "or any person he may designate, by warranty deed, free and clear of all encumbrances . . . at any time he may demand on or before May 21, 1919, for the sum of $6,000," a certain tract of real estate in the city of Terre Haute, and to furnish an abstract "showing a good merchantable title thereto and to deliver possession on or before May 25, 1919"; that on April 19, 1919, appellant notified John Sullivan that he would exercise the option and purchase the real estate, in reply to which demand, Sullivan stated that he would at once cause the abstract to be continued and certified to date; that on May 2, 1919, John Sullivan refused, and at all times thereafter until his death continued to refuse to make the conveyance, and on said day sold and conveyed the real estate to Patrick Sullivan, appellee herein, who accepted the deed and possession with knowledge of John Sullivan's contract to convey the same to appellant; that on May 19, 1919, appellant made a tender of $6,000 in gold to appellee, and served him with a written acceptance of the option and demand for a compliance with the terms thereof, but appellee refused, and has at all times since refused, to comply with the demand; that appellant's remedy at law is wholly inadequate in this, that on March 21, 1919, and at all times since, appellant has been vice president and general manager, and the owner of a large amount of the capital stock of the Charles W. Bauermeister Company, a corporation engaged in the wholesale grocery business; that the plant and place of business of the company is directly across the street from the real estate described in the

option; that the company is also the owner of the real estate adjoining that in controversy; "that the plaintiff procured the option and contract and desired to procure the title to the real estate for the purpose of assigning and transferring same to the Charles W. Bauermeister Company; that the company desired and desires to use said real estate for the purpose of building thereon . . . a wareroom, unloading room and addition to the plant of said company," for which purpose it is necessary; that it is invaluable to the company for the further reason that it lies adjacent to a railroad switch track; that the business plant of the company, "is very valuable and was erected and equipped at a great deal of expense, but its efficiency is seriously handicapped because of the fact that it has no wareroom or unloading room; that there is no other real estate in the vicinity which will serve the purpose of the company, and if plaintiff can not compel the specific performance of this contract, . . . the company will be compelled either to purchase other real estate at a great and inconvenient distance from its present plant or remove its entire unit to another location"; for which reasons it is impossible for the company to estimate the peculiar value of the real estate to the company; "that the defendant has been, and said John Sullivan was informed of, and was and defendant now is well aware of, the purpose for which said real estate described in the option was and is desired to be purchased by plaintiff, and of the peculiar value of the same to plaintiff and to the said company; that defendant is the owner of a tract of land west of and adjoining the real estate described in the option; that defendant is seeking to defraud plaintiff by soliciting and attempting to force him to purchase, or cause the said company to purchase, said adjoining tract in combination with said real estate described in said option" at an exorbitant price. It also

appears from the complaint that John Sullivan, who executed the option and who conveyed the real estate to Patrick Sullivan, appellee herein, departed this life before the amended complaint was filed.

The second and third paragraphs of complaint are substantially the same except as to the manner in which the demand made upon appellee is alleged.

A separate and several demurrer to the three paragraphs of complaint having been sustained, and appellant having refused to plead further, judgment was rendered for appellee. Ruling on the demurrer is the only error assigned.

In support of the decision of the trial court, appellee presents four propositions. It is urged that the complaint is insufficient because the facts averred do not show: (1) An adequate consideration for the option contract; (2) that appellant is the real party in interest; (3) that the option contract is fair and equitable; and (4) that appellant is without an adequate remedy at law.

In cases of this character, it has frequently been held that an agreed consideration of $1, the receipt of which is acknowledged, is adequate. *Waterman* v. *Waterman* (1886), 27 Fed. 827; *Watkins* v. *Robinson* (1906), 105 Va. 269, 54 S. E. 33, 5 L. R. A. (N. S.) 1194, 115 Am. St. 880. See, also, *Lovett* v. *Eastern Oil Co.* (1910), 68 W. Va. 667, 70 S. E. 707, Ann. Cas. 1912B 360, and note.

It is suggested that the complaint does not show appellant to be the real party in interest because of the averment therein that appellant "procured the title to the real estate for the purpose of assigning and transferring the same to Charles W. Bauermeister Company." The suggestion is without merit. Appellant has confused the question as to the use to which appellant intends to put the property after it is acquired with the question as to who is the real party

in interest. It is not averred in the complaint that in taking the option appellant was acting for and on behalf of the corporation. The option contract was no less the contract of appellant because he, on his own initiative, procured it with a view of later transferring the property to the corporation of which he was a heavy stockholder. But if it could be said that the averments of the complaint are sufficient to show that in procuring the option he was acting for and on behalf of the corporation, and was obligated when the option was closed to see that the title was conveyed to the corporation, then he was the trustee of an express trust, within the meaning of §4 of the Code of Civil Procedure (§259 Burns 1926) and the suit was properly brought in his name.

It is urged by appellee that the complaint does not contain averments of fact showing that the contract is fair and equitable, in this, that there is no averment that $6,000 is a fair valuation of the property. It is not necessary that the complaint should aver that the consideration named is adequate. There is nothing in the complaint to show that the consideration to be paid for the real estate is unfair and inequitable, and the court will not, as against the plaintiff, presume that it is. If in a suit for specfic performance of a contract, the defendant would establish that the contract is unfair and inequitable by reason of facts not disclosed by the contract, he must allege and prove such facts as a defense. *Indianapolis, etc., Traction Co.* v. *Essington* (1912), 54 Ind. App. 286, 300, 99 N. E. 757, 100 N. E. 765, and cases cited.

Finally, appellee contends that the facts averred in the complaint are insufficient to show that appellant is without an adequate remedy at law, the argument being that, unless such facts are pleaded, the court is without jurisdiction to decree specific performance. On the other hand, it is contended by

appellant that the contract being for the conveyance of real estate, the jurisdiction of equity does not depend upon the existence of special facts showing inadequacy of a legal remedy. The general rule is as appellant contends, and is correctly stated by a noted text writer as follows:

> "Where land or any estate therein is the subject-matter of the agreement, the equitable jurisdiction is firmly established. Whenever a contract concerning real property is in its nature and incidents entirely unobjectionable—that is, when it possesses none of those features, which, as we will see, appeal to the discretion of the court—it is as much a matter of course for a court of equity to decree a specific performance of it, as it is for a court of law to give damages for a breach of it. . . . The rule having been once established, is now universal. The actual motives and designs of the purchaser are never inquired into, for it is assumed in *every* instance that damages are an inadequate relief for the breach of a land contract." Pomeroy, Specific Performance of Contracts (3d ed.) 23.

The reason for the rule is stated to be that damages are not regarded as the equivalent of the specific relief because the exact counterpart of any particular piece of real estate does not exist anywhere else in the world. *Melin* v. *Woolley* (1908), 103 Minn. 498, 115 N. W. 654, 22 L. R. A. (N. S.) 595.

Appellee concedes the general rule to be as stated, but asserts in his brief that "this principle of equity has not been adhered to by the courts of appeal of this state," citing *Louisville, etc., R. Co.* v. *Bodenschatz Stone Co.* (1895), 141 Ind. 251, 39 N. E. 703; *Ames* v. *Ames* (1910), 46 Ind. App. 597, 91 N. E. 509 and *Harter* v. *Morris* (1919), 72 Ind. App. 189, 123 N. E. 23. It will be found, upon an examination of these cases, that they are not in conflict with the universal rule above stated.

The Bodenschatz case was a suit for specific performance by appellant against appellee. Complaint was based upon a written contract between the plaintiff railway company and defendant, by the terms of which defendant was to purchase, put in condition for laying rails, and transfer to plaintiff, a railroad right of way extending from defendant's stone quarry to plaintiff's main line, in consideration of which the plaintiff was to lay the rails and *"furnish facilities for shipping stone."* It was alleged in the complaint that defendant purchased the right of way and that plaintiff laid the rails, but that defendant refused to transfer the right of way or to permit plaintiff to use it. Prayer that defendant be compelled to convey to plaintiff the right of way and specifically to perform the contract. Complaint was held insufficient to withstand a demurrer—not because facts were not averred showing a want of an adequate remedy at law, but because the contract was of such a character that the court could not decree its performance against both parties without adding to its terms. The language of the court in its opinion being as follows:

"No decree can be framed by which appellant can be compelled to comply with its covenant 'to furnish facilities for shipping stone,' without adding to the terms of the contract and supplying essential details. This the court has no power to do. The duties of appellant under the contract lie in the future and are continuous and successive, the performance of which cannot be consummated by one transaction, but will require protracted supervision and direction, and, for this reason cannot be enforced by a judicial decree. . . . It being impossible to execute the contract against the appellant, specific performance thereof can not be enforced against appellee. For the reasons stated the complaint is not sufficient."

The case of *Ames* v. *Ames, supra,* and that of *Harter*

v. *Morris, supra,* are not analogous. In neither case did the question arise on demurrer to the complaint. In each case, the court denied specific performance on the ground that the evidence showed that the equities were with the defendant; that it would be inequitable to enforce the contract.

In stating the principle applicable to specific performance of contract in general, in each of these cases, the court, having failed to distinguish the different rule as to land contracts, made inaccurate statements of the law, but, in each instance, the statement was unnecessary and was mere *dictum.* In the recent case of *Walcis* v. *Kozacik* (1927), 86 Ind. App. 484, 156 N. E. 589, this court correctly stated the rule. See, also, *Jordan* v. *Johnson* (1912), 50 Ind. App. 213, 217, 98 N. E. 143; *Boyce* v. *Holloway* (1910), 45 Ind. App. 535, 539, 91 N. E. 34; *Clark* v. *Cagle* (1914), 141 Ga. 703, 82 S. E. 21, L. R. A. 1915A 317; *Brewer* v. *Herbert* (1868), 30 Md. 301; 25 R. C. L. 271; 36 Cyc 552; 3 Elliott, Contracts 453.

We hold that the facts averred in each paragraph of complaint are sufficient to state a cause of action for specific performance, and that the court's ruling on the demurrer was error.

Reversed.