GEORGE A. GRAVES *vs.* JOHN T. HICKS & another.

Suffolk.    December 12, 13, 1905. — March 5, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Equity Pleading and Practice.*

On an appeal from a decree in equity in a case where the evidence was largely oral the findings of fact of the judge who heard the case will not be set aside unless they are clearly wrong.

BILL IN EQUITY, filed November 30, 1903, to establish a debt alleged to be due from the defendant Hicks to the plaintiff, upon a promissory note for $903.80, with interest, and to reach and apply in payment of that debt certain shares of the capital stock of the other defendant, the Hotel Security Checking Company, a foreign corporation, alleged to belong to the defendant Hicks, and also such sum, if any, as was at the time of the filing of the bill due from the defendant corporation to the defendant Hicks, as salary or otherwise.

In the Superior Court the case was heard by *Hardy,* J., who found that the debt was due as alleged, that the defendant Hicks was a stockholder in the defendant corporation, and at the time of the service of process held eighteen shares of its capital stock; that there then was due him from the defendant corporation the sum of $317.01, and that the defences set up in the answers had not been sustained, and ordered a final decree in favor of the plaintiff, which was entered, establishing the debt and ordering its payment with costs by the defendant Hicks to the plaintiff, and in the event of non-payment appointing a special master to sell the eighteen shares of stock at public auction and apply the proceeds, after deducting the costs and expenses, to the payment of the indebtedness, rendering the surplus, if any, to the defendant Hicks, ordering the defendant corporation to pay to the plaintiff the sum of $317.01, and, in case the whole should not be sufficient fully to satisfy the amount of the indebtedness and costs, ordering execution therefor, or for the balance thereof, to issue against the defendant Hicks.    The defendant Hicks

appealed.   The evidence was taken and reported by a commissioner whose report was made a part of the record.

*H. D. Yeaton*, for the defendant Hicks.

*J. P. Crosby*, for the plaintiff.

HAMMOND, J.   This case was heard before a judge of the Superior Court.   He made a memorandum, and a final decree was entered for the plaintiff.   The case is before us upon an appeal by the defendant Hicks from that decree.   The decree is certainly supported by the findings.   It is objected that the findings were not warranted by the evidence.

The evidence was largely oral.   In such a case the findings of the trial court are not to be set aside unless they are clearly wrong.   The evidence has been carefully considered, and we are of opinion that it amply warrants the findings, and we cannot say that they are wrong.   The decree is to be so far modified as to include the costs of this appeal, and as so modified should be affirmed.

*So ordered.*