GEORGE A. GRAVES *vs.* JOHN T. HICKS & another.
JOHN T. HICKS, petitioner.

Suffolk.　　December 7, 1906. — March 1, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Equity Pleading and Practice,* Exceptions, Appeal.　*Rules of Court.*

The principle of Rule 45 of the Superior Court, formerly Rule 48, providing that, except as there provided, no exception shall be allowed unless alleged and saved at the time when the opinion, ruling, direction, or judgment excepted to is given, should be applied to orders in equity proceedings, especially where the suit in equity is for the purpose of establishing a debt to the plaintiff from the principal defendant and is in substance an action at law.

Where in a suit in equity there is a motion for a new trial, which is denied by the judge, and the party who made the motion appeals from the order and afterwards attempts to file an exception, which cannot be allowed because it was not taken at the time when the order was made, and the same party later appeals from a final decree against him, but the record of the appeal does not set out enough of the proceedings to enable this court to say upon what ground the judge denied the motion for a new trial, the appeal from the final decree brings the appeal from the interlocutory decree denying the motion before this court but discloses no reason for sustaining it.

HAMMOND, J. 1. After a rescript from this court to the Superior Court ordering that the decree from which the defendant Hicks had appealed be, with a certain modification, affirmed, (*Graves* v. *Hicks,* 191 Mass. 102,) the defendant filed a motion for a new trial upon the ground of newly discovered evidence, and that the hearing might be reopened to receive further evidence " by reason thereof." The hearing upon the motion took place on March 23, 1906, before the judge before whom, sitting without a jury, the case was originally tried. It appears from the certificate of the judge disallowing the exceptions that he filed his decision overruling the motion on March 27, 1906, and written notice thereof was mailed by the clerk and received by counsel on the same day ; that at the hearing " no exception was taken nor in any way saved nor was there any intimation of a desire to save any exception " ; that the " first step toward claiming or saving an exception was the filing by defendant Hicks on April 4, 1906, of a paper entitled ' Claim of Appeal

and Exception,' in which he recites that he 'both appeals . . . from and excepts to the order, finding, decision and ruling . . . denying his prayers in his petition'"; and further, that "this was filed after the defendant Hicks counsel had received notice of the plaintiff's intention to present for entry a final decree after rescript and only a few hours before the time set for presenting said decree."

There is a difference between saving exceptions and filing them; and the statute which provides that exceptions may be filed within twenty days from the act excepted to has no reference to the time when they should be alleged. In the Superior Court, in actions at common law, the matter is regulated by Rule 48 (now Rule 45) of that court: "No exception shall be allowed by the presiding justice, unless the same be alleged and saved at the time when the opinion, ruling, direction, or judgment excepted to is given. And all exceptions to any charge to the jury shall, unless previously saved, be alleged before the jury are sent out. When further instructions are given in the absence of counsel after the jury have retired, the presiding justice may permit exceptions thereto at any time within twenty-four hours next following. All requests for instructions shall be made in writing before the closing arguments unless special leave is given to present further requests later." As to the meaning of this rule reference may be had to *Keohane, petitioner*, 179 Mass. 69. As said by Bigelow, C. J. in *Joannes* v. *Underwood*, 6 Allen, 241, "this rule is a wise and salutary one"; and we think that the principle should be applied to orders in equity proceedings, especially in a case where, as here, the suit as between the plaintiff and principal defendant is in substance an action at law.* The paper alleging the exception was not filed until eight days after notice of the decision. This was not a reasonable time. The bill of exceptions was therefore rightly disallowed on the ground that the exceptions had not been seasonably taken. *Richards* v. *Appley*, 187 Mass. 521.

---

* It was a bill in equity to establish a debt alleged to be due from the defendant Hicks to the plaintiff upon a promissory note for $903.80, with interest, and to reach and apply in payment of that debt certain shares of the capital stock of a foreign corporation alleged to belong to the defendant Hicks and also any sum that might be due to him from that corporation.

2. As to the appeal. The order overruling the motion for a new trial being an interlocutory order and no exceptions having been properly taken, the final decree was properly entered. Upon the defendant's appeal from the final decree the appeal from the interlocutory decree is before us. But the difficulty with this is that the appeal does not set out enough of the record to enable us to say upon what ground the judge overruled the motion; and so far as the record goes it discloses no reason for sustaining the appeal.

It thus appears that because the matter is not properly before us we dispose of this case without considering the merits of the contention of the defendant that the note was paid or satisfied by the settlement of January 24, 1901, and the proceedings thereunder. The plaintiff has, however, produced before us informally the record of the proceedings which took place at the hearing before the judge both upon the original trial and the motion for a new trial. The motion for a new trial was heard upon the sworn petition of Hicks, the affidavits of the plaintiff and of one of his counsel, and a counter affidavit of Hicks, with the exhibits thereto respectively annexed. We have gone over them all carefully; and, while the question whether the agreement of January 24, 1901, originally covered by its terms this note may be a fair one for argument, and while we can see that, whether it did or did not cover the note, the defendant may honestly have thought it did and may still think so, yet, in view of the fact that the negotiations for a settlement were going along for some time; of the nature and consideration of this note; the contents of the paper signed by Hicks on January 30, 1901, considered in connection with the affidavits of the plaintiff and his counsel as to the express statement of the plaintiff at the time the agreement was carried out that this note was not to be included in the settlement and as to the alleged express assent to that proposition by the defendant; and of the further fact that the note was not given up but was retained by the plaintiff, we are satisfied that notwithstanding the affidavits of the defendant and the other evidence in his favor, the weight of evidence is strongly in favor of the proposition that the paper of January 15, 1901, was only one of the steps in the preliminary negotiations and did not contain the elements of the settlement

finally made; and that, even if the paper of January 24, 1901, covered this note, when the parties met to carry out that settlement it was finally agreed between the plaintiff and the defendant that it should not cover the note, but that the note should still stand as a valid obligation.

*Petition to establish exceptions denied; decrees affirmed.*

The case was submitted on briefs.

*M. J. Creed & J. P. .Crosby,* for Graves.

*J. T. Hicks, pro se.*