HERBERT F. STAPLES, executor, *vs.* JOHN J. MULLEN.

Suffolk.     March 13, 1907. — June 20, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Equity Pleading and Practice,* Appeal, Decree, Costs.    *Contract,* Performance and breach.    *Equity Jurisdiction,* To compel specific performance.

On an appeal from a decree in a suit in equity where the evidence was taken by a commissioner and no findings of fact nor rulings of law were made by the judge who heard the case the only question open is whether on all the evidence the decree was plainly wrong.

In a suit in equity to compel the specific performance of an agreement in writing to purchase certain land from the plaintiff, if the agreement provides that the deed shall be delivered and the consideration shall be paid at a time and place named " unless the parties agree in writing to some other time and place," and it appears that before the time for performance arrived the defendant orally requested an extension of the time upon the promise of an additional payment, to which the plaintiff agreed, that the defendant failed to keep his promise and that at about the time that the extension expired or shortly afterwards he refused to carry out his part of the contract, the plaintiff is entitled to a decree without showing any tender of a deed.

In confirming on appeal a decree of the Superior Court in a suit in equity the decree here was modified to include the costs of the appeal.

RUGG, J.    This is a suit in equity to compel the specific performance by the defendant of his written agreement with the plaintiff to purchase certain real estate.    A decree was entered in the Superior Court ordering such performance, and, the evidence having been taken by a commissioner, the defendant appealed.    The appeal brings before us all questions of fact and law raised at the trial, but as no findings of fact or rulings of law were made by the trial court, the only question now open is whether upon all the evidence the decree was plainly wrong. *Jennings* v. *Demmon,* 194 Mass. 108.    By sealed agreement in writing on July 13, 1906, the plaintiff agreed to sell and the defendant to buy certain land in Somerville for a stipulated price, the deed " to be delivered and the consideration paid at the registry of deeds . . . at twelve o'clock noon of the first of

August, 1906." There was testimony, not contradicted, tending to show that a day or two before August 1, the defendant called upon the brokers who represented the plaintiff and also upon the plaintiff himself, and asked for an extension of time until August 15, saying that he had not yet been able to raise the purchase price and that if such extension should be granted, he would within a day or two pay down to the brokers $100. The extension was granted, but the defendant did not pay the $100. On August 13, the brokers sent a letter to the defendant requesting the additional deposit or the immediate completion of the sale by passing the papers. To this letter no answer was made, but at about that time the defendant said to one of the firm of brokers acting for the plaintiff that he was really buying the property for some one else, who was finding fault with it, and later, in the early part of the September following, the defendant stated to the brokers that he should not take the property. It was agreed that the title was sufficient.

On this uncontradicted evidence, no other reasonable conclusion could have been reached than one compelling a decree for the plaintiff. The contract was a mutual one. The plaintiff under it was no more strongly bound to deliver the deed than the defendant was to pay the money. Both acts were to be performed at the same time. *Irvin* v. *Gregory*, 13 Gray, 215. *Cole* v. *Killam*, 187 Mass. 213. There is nothing in the contract to indicate that time was of its essence. Its provision that the deed should be delivered and consideration paid at a time and place stated " unless the parties . . . agree in writing to some other time and place " is a stipulation of which the defendant cannot take advantage, since it was his own act which requested an extension of time not in writing. But there was ample evidence that, before the time for performance had arrived, the defendant requested an extension upon promise of additional payment, which promise he failed to keep, and that at about the time when the extension expired or shortly afterward, he refused to carry out his part of the contract. Under these circumstances, the plaintiff did all that good faith required, and it was not necessary for him to make a tender of his deed. *Tobin* v. *Larkin*, 183 Mass. 389. *Cheney* v. *Libby*, 134 U. S. 68, 78.

The decree should be so modified as to include the costs of this appeal and as modified is affirmed. *Graves* v. *Hicks*, 191 Mass. 102.

*So ordered.*

*J. F. Lynch,* for the defendant, submitted a brief.

*J. W. Morton,* for the plaintiff.