TREVAS AND SCHACK, INC. *vs.* NAPEL MILLS COMPANY.

Suffolk.    March 14, 1922. — June 5, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Contract,* Performance and breach, Modification, Tender of performance.

At the trial of an action for an alleged failure by the defendant to deliver cloth to the plaintiff in accordance with a contract made by correspondence between the parties, it appeared that the agreement was that the plaintiff should buy and the defendant should sell one hundred pieces of the cloth at a certain price per yard, the terms to be determined by the defendant according to the financial standing of the plaintiff, otherwise three per cent off for cash; that fifty pieces in four instalments, the shipment in each case coming after an invoice, had been sent and the price had been paid, the payments being for the amount of the invoices less three per cent off for cash. Repeated demands by the plaintiff for

shipment of the remaining fifty pieces were refused by the defendant, who stated that performance of the contract by him had been completed. The jury, answering special questions, upon evidence warranting the findings found that the contract was not cancelled by the acts and sayings of the parties or their representatives and a new contract for fifty pieces of cloth substituted therefor, that, under the contract and the course of dealing adopted by the parties and the nature of the transaction, it was incumbent upon the defendant to send a bill to the plaintiff appraising it of the amount to be paid for the goods in order to entitle the defendant to payment for them, that the plaintiff was ready, able and willing to pay for the balance of the cloth, and that the defendant was able to deliver it. *Held*, that

(1) The defendant having determined the method of payment, as the contract gave him the privilege of doing, and the plaintiff having assented thereto, it could have been found that the written contract was modified by the parties accordingly, and that as so modified the terms of payment were cash with three per cent off, to be paid on the receipt of each invoice showing the number of yards and the price therefor;

(2) The defendant was not entitled to payment for the shipments until he had first sent an invoice for the amount due;

(3) The plaintiff having demanded the goods and being ready, able and willing to pay for them and the refusal by the defendant to deliver being absolute and unconditional, no tender of payment by the plaintiff was necessary before bringing the action;

(4) A contention of the defendant that the contract provided for cash payments and that payment and delivery were to be concurrent acts could not be sustained;

(5) The defendant, having based its refusal to deliver the balance of fifty pieces on the ground that it had completed its contract and that no cloth was due the plaintiff, should not be allowed on a report of the case to this court to claim in defence that there was delay in previous payments;

(6) The plaintiff, having fully performed his part of the contract to the time when it was repudiated by the defendant, was entitled to judgment.

CONTRACT for damages resulting from a failure of the defendant to deliver to the plaintiff fifteen hundred yards of serge cloth, being the balance of the amount which the plaintiff alleged that the defendant had agreed to sell and deliver to it. Writ dated February 19, 1920.

In the Superior Court the action was tried before *Fessenden,* J. Material evidence is described in the opinion. The judge submitted special questions to the jury, which, with the jury's answer thereto, were as follows:

"1. Was the contract relied upon in the plaintiff's declaration for one hundred pieces of cloth, cancelled by the acts and sayings of the parties or their representatives, and a new contract for fifty pieces of cloth substituted therefor?" The jury answered, "No."

"2. Whether under the contract and the course of dealing adopted by the parties and the nature of the transaction, it was incumbent upon the defendant to send a bill to the plaintiff appraising it of the amount to be paid for the goods in order to entitle the defendant to payment for the same?" The jury answered, "Yes."

"3. Was the plaintiff ready, able and willing to pay for the cloth in the fall of 1919?" The jury answered, "Yes."

"4. Was the defendant able to deliver the cloth in the fall of 1919?" The jury answered, "Yes."

"5. What, if any, was the difference between the contract price for the fifty pieces of cloth mentioned in the declaration, and the fair market value in Boston during the fall of 1919?" The jury answered, "Twenty-five cents per yard for fifteen hundred yards."

By agreement of the parties, the judge fixed interest at $37.50. The judge then ordered the jury to find for the plaintiff in the sum of $412.50 and the jury so found. A motion by the defendant that a verdict be ordered in his favor was denied.

The judge, acting under G. L. c. 231, § 111, reported the action for determination by this court upon the stipulation of the parties that, if the defendant's motion that a verdict be ordered in his favor should have been granted, final judgment was to be entered for the defendant; otherwise, judgment was to be entered for the plaintiff on the verdict.

*E. H. Abbot, Jr.,* for the defendant.

*J. A. Sullivan,* for the plaintiff.

CROSBY, J. The parties made a written contract in March, 1919, by which the plaintiff agreed to buy and the defendant to sell one hundred pieces of blue serge cloth No. 7120 at $1.50 per yard, single cuts, f. o. b. at mill, the terms to be determined by the defendant according to the financial standing of the plaintiff, otherwise three per cent off for cash. The contract is contained in the correspondence of the parties.

In August following, no cloth having been delivered to the plaintiff, there was evidence that the contract was modified by substituting one hundred pieces of blue serge No. 6120 at $1.40 a yard for that originally agreed upon. Fifty pieces of No. 6120 were shipped to and were received by the plaintiff in four instal-

ments, the shipment in each case coming after an invoice had been sent and the price paid; the evidence showed that the number of yards in the pieces of cloth varied from twenty and seven eighths to thirty-eight and four eighths yards.   The payments for the fifty pieces were made on the invoices under dates of August 22, September 9, September 16 and September 29, the payments being for the amount of the invoices less three per cent for cash. The fifty pieces shipped by the defendant were paid for by the plaintiff in accordance with the practice above described.   Afterwards, by letters to the defendant, the plaintiff demanded the remaining fifty pieces, amounting to fifteen hundred yards.   The defendant refused to ship them claiming that the contract had been completed.

At the trial, the presiding judge submitted certain questions to the jury, and the case is reported to this court together with the stipulation of the parties.

The first question answered by the jury is: "Was the contract relied upon in the plaintiff's declaration for one hundred pieces of cloth, cancelled by the acts and sayings of the parties or their representatives, and a new contract for fifty pieces of cloth substituted therefor?" This question was answered in the negative.   We are of opinion that the finding was warranted by the evidence.   The jury also found that, "Under the contract and the course of dealing adopted by the parties and the nature of the transaction, it was incumbent upon the defendant to send a bill to the plaintiff appraising it of the amount to be paid for the goods, in order to entitle the defendant to payment for the same."

Under the contract the defendant defined the terms of payment, which were "to be determined according to your financial standing, otherwise it will be 3% Cash." It then proceeded before each shipment to send the plaintiff an invoice showing the number of yards to be shipped and the amount to be paid therefor.   Such was the practice and course of dealing between the parties as to all goods actually shipped.   The defendant having determined this method of payment and the plaintiff having assented thereto, it could have been found that the written contract was modified by the parties accordingly, and that as so modified the terms of payment were cash with three per cent off, to be paid on the receipt

of each invoice showing the number of yards and the price therefor.

The original contract could be changed by subsequent writing or by oral agreement or by conduct and course of dealing, as well as by express words. *Bartlett* v. *Stanchfield,* 148 Mass. 394, 395. *Gilman & Son, Inc.* v. *Turner Tanning Machinery Co.* 232 Mass. 573, 575. As the jury were warranted in finding that the contract was so modified it would follow that the defendant was not entitled to payment for the shipments until he had first sent an invoice for the amount due.

The plaintiff having repeatedly demanded the shipment of the balance of the cloth, the finding of the jury that it was ready and willing to pay for it in the fall of 1919 was warranted, and no tender was necessary. The defendant absolutely and unconditionally refused to complete its part of the contract; and as the plaintiff was willing and able to take the goods, no tender was required to enable it to maintain the present action, for damages for breach of the contract. *Hazard* v. *Loring,* 10 Cush. 267. *Carpenter* v. *Holcomb,* 105 Mass. 280, 285, 286. *West* v. *Platt,* 127 Mass. 367, 370. *Tobin* v. *Larkin,* 183 Mass. 389, 392.

The contention of the defendant that the contract provided for cash payments and that payment and delivery were concurrent acts cannot be sustained, for the reasons stated. It is plain that the plaintiff could not know how much to pay for the shipments until invoices were sent; the number of yards in the different pieces varied and the plaintiff was not required to make inquiry as to the price of such shipments, and tender that amount; such was not the agreement, as shown by the previous course of dealing.

The defendant, having based its refusal to deliver the balance of fifty pieces on the ground that it had completed its contract and that no cloth was due the plaintiff, will not now be allowed to claim in defence that there was delay in previous payments, for if that were so the defendant was not justified in refusing to deliver the balance of the cloth due; it could not assume that the plaintiff would fail to meet future payments. *Deane* v. *Caldwell,* 127 Mass. 242, 246. *Porter* v. *American Legion of Honor,* 183 Mass. 326, 328. *Hanson & Parker, Ltd.* v. *Wittenberg,* 205 Mass. 319, 326.

The plaintiff fully performed its part of the contract up to the time it was repudiated by the defendant; and in accordance with the terms of the report, judgment is to be entered for the plaintiff on the verdict.

*So ordered.*