SAMUEL COHEN *vs.* WILLIAM SHAINE.

Hampden. October 22, 1923. — December 8, 1923.

Present: RUGG, C.J., BRALEY, DeCOURCY, & PIERCE, JJ.

*Broker*, Commission. *Contract*, Performance and breach.

At a trial of an action by a real estate broker for a commission for negotiating the purchase of a house for the defendant, the following facts appeared: The defendant agreed to pay the commission when he received a " good and sufficient deed to the property " in question " according to an agreement made this, day with " a woman who, it afterwards appeared, was the mother of the holder of the record title of the property. The holder of the record title at first refused to sell on the terms agreed to by his mother. Thereupon the defendant stated that he would pay a certain increased price if the son would sign the deed. The son afterwards assented to such terms of the defendant, whereupon the defendant stated that he had rented an apartment the preceding day and no longer desired to buy. The defendant had not notified the plaintiff that he had revoked the agency previous to the title holder's expressing to the defendant his assent to the carrying out of the agreement. *Held*, that

(1) The transaction was fully completed by the plaintiff by the procuring of the consent in writing of the owner, able and willing to sell the property, before the agency was revoked;

(2) No tender of a deed by the owner of the premises was necessary under the circumstances;

(3) The plaintiff had earned the commission which the defendant had agreed to pay.

CONTRACT by a real estate broker for a commission. Writ in the District Court of Springfield dated October 17, 1922.

Material findings of fact by the judge · of the District Court are described· in the opinion. The defendant asked the judge to rule as follows:

" 1. Upon all the evidence, the court must find a verdict for the defendant.

" 2. If the court finds that Fannie Sagalyn never had legal title to the property at 18 Summer Terrace, and therefore, was unable to give her warranty deed to said property in accordance with the terms of her agreement with the defendant, then the court must find a verdict for the defendant.

" 3. If the court finds that upon taking title to said property the defendant was to give a mortgage back to Fannie Sagalyn as part of the purchase price and that there was therefore to be a continuing personal relationship between the defendant and Fannie Sagalyn, the defendant was not obliged to take a warranty deed from any one except Fannie Sagalyn and if said Fannie Sagalyn could not give a warranty deed to said property the court must find a verdict for the defendant.

" 4. If the court finds that a signed and executed warranty deed was never offered to the defendant up to August 1, 1922, the court must find a verdict for the defendant.

" 5. If the court finds that the agreements between the defendant and the plaintiff and the defendant and Fannie Sagalyn were made and executed on a legal holiday, the defendant is not bound on either agreement, and the plaintiff is not entitled to commission.

" 6. If the court finds that Fannie Sagalyn or Ernest Sagalyn refused to sell the property before August 1, 1922, and the defendant materially changed his position in reliance on their refusal, then, even though they were willing to offer a deed on August 1, 1922, the defendant was not bound to accept it and the plaintiff is not entitled to recover.

" 7. If the court finds that Fannie Sagalyn represented herself as owner of said property and was not in fact the record owner then upon discovery of the false representation defendant was not bound to carry out his agreement with Fannie Sagalyn and the plaintiff is not entitled to recover.

" 8. If the court finds that Ernest Sagalyn never authorized the plaintiff to act as agent for him in the sale of said property the defendant is entitled to a verdict."

The judge denied the requested rulings, stating as follows: " One and two are severally denied; number three is denied, this request at least overlooks the authority given by defendant to plaintiff on July 5 and later to get a deed from Ernest Sagalyn; number four is denied, the court finding that the conduct of defendant, above stated, obviated the necessity of actual tender of an executed deed; number five is denied. Number six is denied. Whether defendant

was legally bound, as between himself and Ernest Sagalyn, to accept the deed offered to be delivered on July 28, 1922, so that specific performance could be decreed under exhibit 1, is not decisive of this question. Very commonly in the case where a broker produces a customer ' ready, willing and able to buy,' the principal is under no legal obligation, as between himself and the customer, to accept the offer; but the principal's obligation to the broker nevertheless accrues. So here, if the plaintiff had accomplished the task assigned him before his agency therefore had been legally terminated, his right to his commission accrued, regardless of whether Ernest Sagalyn could compel acceptance of his deed. Number seven is denied and is subject to the comment made with reference to number three above. Number eight is denied. Plaintiff did not purport to act as the agent for Ernest Sagalyn, but as the agent for defendant."

The judge found for the plaintiff in the amount of $206.33 and, at the request of the defendant, reported to the Appellate Division the question, whether there was error in the denial of the rulings above described. The Appellate Division ruled that there had been no prejudicial error in the denial of the rulings requested by the defendant and ordered the report dismissed. The defendant appealed.

The case was submitted on briefs.

*L. C. Henin*, for the defendant.

*G. D. Cummings, G. F. Leary & G. F. Palmer*, for the plaintiff.

BRALEY, J. The material facts found by the trial court are that the defendant employed the plaintiff as a broker to assist him in the purchase of a house of two tenements which he intended to occupy as a home.

The plaintiff directed the defendant's attention to a house of this description which was occupied by one Fannie Sagalyn, supposed by the parties to be the owner. The defendant, being satisfied with the property, entered into a contract in writing to purchase it at an agreed price of $11,000, under conditions of payment which are not material, and on the same date gave to the plaintiff an instrument, which, omitting the date and signature, reads: " I, William

Shaine, promise to pay to Sam Cohen the sum of $200 for his services when I receive good and sufficient deed to the property located at 18 Summer Terrace, according to agreement made this day with Fannie Sagalyn."

By this agreement the defendant bound himself to pay this amount upon acquiring title by a " good and sufficient deed " from " Fannie Sagalyn." But on the same day the plaintiff informed the defendant that she did not own the property, and that the title was in the name of her son Ernest Sagalyn, who would not sell unless the price was increased to $11,500. The son, however, could not sell without his mother's written consent, as she had the right to occupy any part " with the buildings thereon as long as she sees fit." The defendant thereupon told the plaintiff that he was willing to pay $200 or $250 more and said, " I want to get this house; if you can get me a new contract signed by the owner, I'll take it. . . . If the youngest son (meaning Ernest Sagalyn) will sign the deed I will take it," subject to the limitation as to the amount of the increased price which he was willing to pay. As a result of the plaintiff's negotiations Ernest Sagalyn, the owner, having in his possession an unsigned deed in proper form of the premises, called upon the defendant and said that if he wanted " to carry it through on the terms of the contract," namely, the contract made with his mother, he would remain in the city for that purpose until the next day. The defendant replied that he had rented an apartment the preceding day and no longer desired to buy. It is found that Ernest Sagalyn was ready and willing to convey the property on the terms of his mother's contract and that the defendant, before he was visited by him, had never notified the plaintiff that he had rented an apartment and revoked his agency.

The finding in substance that the defendant authorized the plaintiff to purchase the property from Ernest Sagalyn, who was willing to sell, at the original price, to which sale Mrs. Sagalyn had consented in writing, was well warranted. The same principle applies in the case at bar as if the plaintiff had been employed by the defendant to procure a purchaser able and willing to buy property owned by the defend-

ant which he wished to sell on similar terms and conditions. And, the transaction having been fully completed on his part and no tender of the deed by Sagalyn being necessary under the circumstances, the plaintiff had earned the commission which the defendant agreed to pay. *Stuart* v. *Newman*, 241 Mass. 33, 36, and cases there collected. *Trevas & Schack, Inc.* v. *Napel Mills Co.* 241 Mass. 452, 456.

It is plain under the findings which were warranted by the evidence that the requests in so far as argued, could not be given, and, no error of law being shown, the order of the Appellate Division dismissing the report should be affirmed. G. L. c. 231, § 110, as amended by St. 1922, c. 532, § 8.

*So ordered.*