CHARLES J. ROCHE *vs.* EVA E. FAIRBANKS & others.

Suffolk.    October 19, 1925. — November 24, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Equity Jurisdiction,* Specific performance.  *Time.  Contract,* Construction, Performance and breach, To convey real estate.

An assignee of one named as purchaser in a contract in writing for the sale and conveyance of real estate can maintain in his own name a suit in equity for specific performance of the contract.

At the hearing of a suit in equity by the assignee of the rights of one named as purchaser in a contract in writing for the sale and conveyance of real estate, it appeared that the contract named twelve o'clock noon at the registry of deeds on a certain day as the time and place for conveyance; that on that day and hour the plaintiff was present at the place named and, after adjustments had been computed, was prepared to pay for the property partly in cash and partly with a certified check and with checks on a coöperative bank; that the defendant refused to take anything but cash; that upon learning of this, the plaintiff, at 12:40 P.M. left the registry of deeds to go to a bank to get cash, and then returned at 1:10 P.M. with cash; that the defendant in the meantime had left and later returned to the outside of the building within which the plaintiff was, but declined to enter the building and complete the transaction, stating that it was past the hour and that he was not obliged to go through with the transaction.    *Held,* that

(1) There was nothing in the terms of the contract or in the circumstances disclosed to indicate that time was of the essence of the contract;

(2) It could have been found that the parties by their conduct agreed that the time for completing the transaction might be postponed until the plaintiff should have an opportunity to go to the bank, convert the checks into cash, and return to the registry of deeds;

(3) After the refusal by the defendant to go on with the transaction, it was not necessary for the plaintiff to make a formal tender of the money;

(4) A decree for the plaintiff was warranted.

BILL IN EQUITY, filed in the Superior Court on October 4, 1923, and afterwards amended, for specific performance of a contract by the defendant Eva E. Fairbanks to sell and convey real estate to the defendant Daniel D. Riordan, it being alleged that Riordan had assigned his interest in the contract to the plaintiff.

In the Superior Court, the suit was heard by *Weed,* J., a stenographer having been appointed under G. L. c. 221, § 85, Equity Rule 35 (1905), to take the evidence.   Material evidence is described in the opinion.   By order of the judge, a final decree was entered directing specific performance by the defendants.   The defendants appealed.

*D. B. Curnane & J. F. Casey,* for the defendants Fairbanks, submitted a brief.

*C. H. Gilmore,* for the plaintiff.

SANDERSON, J.   This is a bill for the specific performance of two agreements, each for the sale of a parcel of real estate owned by the defendant Eva E. Fairbanks, who will be referred to herein as the · defendant.   The agreements were made by her to sell and by the defendant Riordan to buy. The undisputed evidence showed that the defendant's husband became a party to the agreements.   The purchase price of each parcel was $10,000 and the terms of payment were $50 in cash on signing the agreement and $9,950 in cash on delivery of deed, subject to certain adjustments.   The deeds were to be delivered at twelve o'clock noon, October 1, 1923. The defendant Wakefield was holder of two mortgages, one on each of the parcels described in the agreement, which were recorded in the forenoon of the date set for passing the title. These mortgages were without consideration and it was agreed in open court that if the plaintiff should be entitled to specific performance the decree might require that the defendant Wakefield discharge the mortgages.   The defendant Riordan's rights in this agreement were assigned to the plaintiff and the decree stated that the defendant Riordan had no rights in the properties described in the agreement and that the agreements and assignments ought to be specifically performed.

The plaintiff as assignee can maintain the bill in his own name.   *Cashman* v. *Bean,* 226 Mass. 198.

The parties met at the registry of deeds at the time appointed, and after adjustments were computed it appeared that the plaintiff was prepared to pay for the property partly in cash and partly with a certified check and with checks of a coöperative bank.   The defendant refused to accept

anything but cash. The plaintiff, after learning from her that she would like to have the money in the form of $1,000 bills, left the registry of deeds at about 12:40 P.M. to get the checks converted into money at the bank, in Boston, and to return with it. The plaintiff came back to the registry at about ten minutes past one o'clock on the same day, with more than enough cash to complete the transaction, including nineteen bills of $1,000 each. In the meantime the defendant had gone away in an automobile with her attorney, leaving her husband in the registry. She came back at 1:30 but did not go into the building. There was evidence that she was told the cash was all ready for her and was asked to go into the registry to pass the papers, but that she declined to return, stating that it was past the hour and she was not obliged to go through with the transaction.

It could have been found that her attorney had full authority to act for her; that he stated upon his return to the registry that the defendant did not have to put the deal through because the plaintiff was not on time; that the plaintiff then told him he had all the cash ready to complete the transaction and that if the defendant did not put it through he would sue for specific performance, whereupon the attorney left the building. The decree required the defendants Eva E. and John B. Fairbanks within ten days from its date to convey the property to the plaintiff upon the payment by him of $19,300 in cash, plus interest thereon at 6% per annum from July 31, 1924, to the date of transfer, less rentals from July 31, 1924, to date of transfer, and the costs of suit therein taxed.

There is nothing in the terms of the contract or in the circumstances disclosed to indicate that time was of its essence; and it could have been found that the parties by their conduct agreed that the time for completing the transaction might be postponed until the plaintiff should have an opportunity to go to Boston, convert the checks into cash, and return to the registry. *Staples* v. *Mullen,* 196 Mass. 132. *King* v. *Connors,* 222 Mass. 261. After the refusal of the defendant to go on with the transaction, it was not necessary for the plaintiff to make a formal tender of the money. Upon

the testimony that he was able and prepared to perform, and offered and demanded performance, he could be found to have done all that good faith required. *Irvin* v. *Gregory,* 13 Gray, 215, 218. *Tobin* v. *Larkin,* 183 Mass. 389, 392. *Cole* v. *Killam,* 187 Mass. 213. *Staples* v. *Mullen, supra. Trevas & Schack, Inc.* v. *Napel Mills Co.* 241 Mass. 452, 456.

The exceptions to the rulings on evidence, not having been argued, are treated as waived. The decree is to be modified by striking out the words "within ten days of the date hereof" and inserting in their place the words "within ten days from the entry of the final decree"; as so modified it is affirmed with costs of this appeal.

*Ordered accordingly.*