NOEL BEAUREGARD *vs.* MICHAEL SMITH.

Suffolk.    November 17, 1926. — January 7, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Partnership,* Rights of purchaser of partnership assets at receiver's sale.

The purchaser, from a receiver appointed by a court of equity to sell a
business formerly carried on by a partnership, of "all the right, title
and interest of" one of the partners, who had assumed control of the
partnership property, "in and to his business conducted under the
name of" the partnership "including the machinery, equipment, stock
in trade, raw materials, manufactured articles, and good will of said
business," where it appears that at all times after the beginning of the
partnership the business had been conducted upon real estate held under
a tenancy at will, cannot maintain a suit in equity to oust from the
real estate the partner who had remained in possession of it and had
been allowed by the landlord "to continue as a tenant," or to compel
the landlord to accept the plaintiff as tenant.

BILL IN EQUITY, filed in the Superior Court on June 24,
1925, by the purchaser at a receiver's sale of a business of
harness making and repairing formerly carried on by the
defendant and one Lillian M. Clark at 586 Albany Street in
Boston, seeking (1) that an interlocutory decree be entered
enjoining the defendant Smith from engaging in the business
of harness making and repairing at the shop now occupied
by him at 586 Albany Street in the city of Boston, until
further order of the court; (2) that an interlocutory decree
be entered enjoining the defendant from doing any act
preventing or tending to prevent the plaintiff from making
arrangements with the landlord of said shop to become a
tenant therein, until further order of the court; and (3) that
defendant be ordered to deliver up the possession of said
shop at 586 Albany Street to the plaintiff.

The suit was heard upon agreed facts by *Morton,* J.  Be-
sides the facts stated in the opinion, it appeared that the
premises at 586 Albany Street in Boston were "under the
control of the Metropolitan Coal Company which has always
been a very substantial customer of the harness business in

question, giving to said business regularly, more than enough work to pay the rent of said premises. The proper representative of said coal company stated that the defendant was a satisfactory tenant and did the work given him by said coal company in a satisfactory manner, and that he would be allowed to continue as a tenant until the court ordered otherwise, provided the relations between the defendant and the coal company continued to be satisfactory; but that if the defendant vacated the premises, the plaintiff would be favorably considered for a tenant. The tenancy at all times since the beginning of the partnership has been a tenancy at will."

By order of the judge, a final decree was entered dismissing the bill. The plaintiff appealed.

The case was submitted on briefs.

*E. G. Fischer,* for the plaintiff.

*C. H. Innes, C. T. Cottrell, & J. F. Myron,* for the defendant.

BRALEY, J. The defendant and Lillian M. Clark on June 1, 1921, became partners with written articles of agreement under the name of M. Smith & Company for the purpose of carrying on the business of harness making and repairing at 586 Albany Street in the city of Boston, the articles among other terms providing that the partnership should terminate June 1, 1922. The defendant, however, who had assumed control of the business, refused an accounting and a suit in equity was brought by Clark which resulted in a decree that the defendant owed $829.06 with interest, upon payment of which her interest in the firm would terminate. The defendant having failed to comply with the decree, Clark brought a bill in equity for the appointment of a receiver to sell the business and apply the proceeds in payment of the decree. The court by consent of parties appointed receivers, who sold the business to the plaintiff and delivered a bill of sale of "all the right, title and interest of Michael Smith in and to his business conducted under the name of Michael Smith & Company, including the machinery, equipment, stock in trade, raw materials, manufactured articles, and good will of said business." The

present case was submitted on agreed facts, and the trial judge has found that, against the objection of the plaintiff, the defendant has continued the business at the premises in question. The plaintiff does not question the right of the defendant to establish a competing business subject to the limitation that he could not solicit the trade of customers of the old firm. *Moore* v. *Rawson*, 199 Mass. 493, 497, 498. It is specifically prayed that the defendant be ordered to deliver possession, and that he be enjoined from preventing the plaintiff from becoming a tenant.

But, even if Smith is in occupation of the premises, of which the firm on the date of the sale were tenants at will, the court had no power to dispossess Smith, who has been allowed "to continue as a tenant," or to compel the landlord to accept the plaintiff as a tenant. *Cruttwell* v. *Lye*, 17 Ves. 335. The decree dismissing the bill is affirmed with costs.

*Ordered accordingly.*