JOSEPH CARCHIDI & another *vs.* SATENIK KALAYJIAN.

Plymouth. May 22, 1928. — June 28, 1928.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Equity Pleading and Practice,* Costs, Rescript from Supreme Judicial Court.

An order by rescript of this court that a decree appealed from in a suit in equity be affirmed with costs means that, in addition to the costs included in the decree under review, there also shall be taxed in the final decree to be entered after rescript the costs of the prevailing party in the full court in the proceedings upon appeal.

A final decree was entered in a suit in equity in the Superior Court, ordering the defendant to pay the plaintiff damages, and costs in a certain sum. Upon appeal by the plaintiff from the decree, this court by rescript ordered that the decree be affirmed "with costs." A final decree was entered after rescript directing the defendant to pay the plaintiff the damages specified in the first decree, with costs in a sum which included the costs incurred by the plaintiff on his appeal in addition to the costs previously taxed. Upon appeal by the defendant, it was *held*, that the decree after rescript was proper and must be affirmed.

It *was stated* that, when the rescript of this court in a suit in equity is silent as to costs, neither party is entitled to costs in the full court.

It *was stated* that the defendant in the suit in equity above described might have avoided the imposition upon him of the costs incurred upon the appeal by the plaintiff by an exercise of his rights under G. L. c. 231, §§ 74, 75.

BILL IN EQUITY, filed in the Superior Court on May 8, 1925, for rescission, by reason of false representations by the defendant, of a sale of a building by the defendant to the plaintiffs.

The suit was referred to a master, who filed a report to which no exceptions were taken by the plaintiffs. An order thereupon was made by *Donahue,* J., denying the rescission and recommitting the suit to the master to find the amount of damage suffered by the plaintiffs by reason of the defendant's misrepresentations. To the master's supplemental report finding the amount of such damage the plaintiffs filed exceptions. There were entered by order of *Dillon,* J., an interlocutory decree overruling the plaintiffs' exceptions and

confirming the report, and a final decree directing the defendant to pay the plaintiffs $410, the amount of damage found by the master, and costs in the sum of $18.75.

The suit previously was before this court upon appeals by the plaintiffs from the interlocutory and final decrees, and by a decision reported in 260 Mass. 120, the interlocutory decree was affirmed and the final decree also was affirmed "with costs."

The suit was heard after rescript by *Brown,* J., by whose order a final decree was entered directing the defendant to pay the plaintiffs $410 and costs in the sum of $164.45, which included the plaintiffs' costs on their appeal to this court. The defendant appealed.

The case was submitted on briefs.

*E. J. Campbell,* for the defendant.

*R. W. Higgins,* for the plaintiffs.

RUGG, C.J.  This is a suit in equity.  A final decree was entered wherein the defendant was ordered to pay to the plaintiffs money damages in a definite amount and costs in a specified sum.  The plaintiffs appealed from that decree to the Supreme Judicial Court.  By the rescript on that appeal it was ordered that the final decree be affirmed with costs.  On hearing after rescript a final decree was entered ordering the defendant to pay to the plaintiffs the same money damages and costs in a specified sum, in which were included both the costs mentioned in the earlier decree and the costs incurred by the plaintiffs in connection with their appeal.

The single point argued is whether the costs of the plaintiffs on their appeal to this court rightly were included in the amount of costs thus specified in the final decree after rescript.  There can be no doubt of the power of the court to award costs in equity to the prevailing party.  G. L. c. 261, § 13.  In a suit in equity an order by rescript of this court that a decree be affirmed with costs means that, in addition to whatever costs, if any, may have been included in the decree under review, there shall also be taxed in the final decree to be entered after the rescript the costs of the prevailing party in the full court on the proceedings for review.

Instances may be found where, out of excess of caution to express the view of the court with such clarity of emphasis as not to be capable even of argument as to construction, it has been said that the final decree is to be modified so as to include the costs of the appeal and as thus modified is affirmed. See, for example, *Graves* v. *Hicks*, 191 Mass. 102, 103; *Jennings* v. *Demmon*, 194 Mass. 108, 113; *Elliott* v. *Baker*, 194 Mass. 518, 523; *Staples* v. *Mullen*, 196 Mass. 132, 134. That amplification has been thought to savor somewhat of prolixity and the briefer form of the rescript here in issue has been more commonly used. See, for example, *Romanausky* v. *Skutulas*, 258 Mass. 190, 196; *Rothstein* v. *Commissioner of Banks*, 258 Mass. 196, 199; *Beauregard* v. *Smith*, 258 Mass. 219; *Wilkisius* v. *Sheehan*, 258 Mass. 240, 243. It states the same mandate in fewer words. Its meaning is unmistakable. It was the duty of the Superior Court in framing the final decree to follow the rescript and to tax costs as it did. *Day* v. *Mills*, 213 Mass. 585, 586, 588. If this court had intended that the costs of the appeal should not have been included in the final taxation of costs, the rescript would have read simply "Decree affirmed." Where the rescript is silent as to costs, neither party is entitled to costs in the full court. See, for example, *Ogden* v. *Selectmen of Freetown*, 258 Mass. 139. If the defendant had desired to protect himself against costs on such appeal, he might have filed in court a written consent to be defaulted and "to have judgment rendered against him as damages" for the amount of money damages stated in the decree under the provisions of G. L. c. 231, §§ 74, 75, expressly made applicable to suits in equity.

*Decree affirmed with costs.*