## FENWAL, Inc. v. MONTGOMERY et al.

### No. 12777.

United States Court of Appeals
Ninth Circuit.

Dec. 24, 1951.

Rehearing Denied Jan. 30, 1952.

Morris M. Doyle, Walker Lowry, Joseph W. Grossman, San Francisco, Cal. (McCutchen, Thomas, Matthew, Griffiths & Greene, San Francisco, Cal., of counsel), for appellant.

Charles A. Christin, Wallace W. Scales, San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, ORR, Circuit Judge, and DRIVER, District Judge.

DENMAN, Chief Judge.

This is an appeal from judgment in a suit brought by appellant, a Massachusetts corporation, hereafter called Fenwal, for breach by non-payment of a written contract for the sale of certain thermostatic controls, manufactured by Fenwal and used as fire detectors in aircraft. These were sold and delivered by Fenwal to the appellees, citizens of California, hereafter called the Montgomerys. The controls were patented and could be obtained only from Fenwal.

The written agreement of the parties provided that the Montgomerys had the exclusive right to buy the controls and resell them to customers found in California, Washington and other western states. Fenwal fixed a price to be paid by the Montgomerys' customers and sold the controls to the Montgomerys at less than the resale price. The agreement could be terminated by Fenwal on 60 days' notice. Such a notice of termination was given on

December 29, 1948, becoming effective February 28, 1949. The court awarded Fenwal damages in the amount of $46,-635.40 for the sale price of controls delivered to the Montgomerys in this 60-day period. It is not questioned that this award is valid.

The Montgomerys' cross complaint alleged that they had placed orders accepted by Fenwal during this 60-day period and that Fenwal had refused delivery, causing damage to the Montgomerys. It is agreed that if Fenwal is liable in contract for this non-delivery, the damages are $36,525.20. The District Court awarded this sum. However, the Court did not hold that these damages arose from the breach of the written contract, but found that there existed a relationship between the parties with respect to the controls not delivered by Fenwal creating in it what the court calls a "quasi-contract" obligation.

The Montgomerys sought no amendment below to the cross complaint changing the issue from one based on the breach of the written contract to one in quasi contract, nor do they seek it in this court. Assuming but not deciding that we could order this amendment of the cross complaint, we do not consider that question because we are of the opinion that the evidence shows no liability in Fenwal on either the theory of contract or quasi contract.

The contract, stating it is to be construed under the Massachusetts law, provided no date of payment for the controls delivered to the Montgomerys. Massachusetts[1] adopted the Uniform Sales Act § 42 which provides:

"§ 42. Delivery and payment are concurrent conditions.—Unless otherwise agreed, delivery of the goods and payment of the price are concurrent conditions; that is to say, the seller must be ready and willing to give possession of the goods to the buyer in exchange for the price and the buyer must be ready and willing to pay the price in exchange for possession of the goods."

The parties are in dispute as to the date of payment. It was not on delivery, for the established practice was for the Montgomerys to pay on the 10th of each month for the deliveries billed to them by Fenwal. However, the date that payment was due is here irrelevant, for Fenwal wrote inquiring why the delivered controls billed prior to February 10, 1949, had not been paid for and the Montgomerys replied that their January check would be withheld until future relations between the parties had been established.

Here is a refusal to perform the contract, not on the ground that the amount billed was not yet due, but on a collateral ground designed to compel Fenwal to enter into a new agreement for the "future relations" of the parties. The evidence shows the future relations were to be set out in a proposed new contract giving purchasing rights from Fenwal to the Montgomerys. The Montgomerys at no time withdrew their statement that they were withholding their check until a new contract was entered into, and on March 3, 1949, Fenwal cancelled the undelivered orders.

It is the law of Massachusetts that where party A to a contract advises party B that he will not perform his covenants thereunder, B may refuse to perform his covenants thereunder. Daniels v. Newton, 114 Mass. 530; Lowe v. Harwood, 139 Mass. 133, 29 N.E. 538; Trevas & Schack v. Napel Mills Co., 241 Mass. 452, 135 N.E. 477. 3 Williston on Contracts § 586.

Since the patented controls were procurable only from Fenwal, the Montgomerys were faced with liability for non-delivery to their customers. Likewise, since the contract no longer existed, Fenwal could seek orders from the Montgomerys' customers to supply the latter's requirements for the planes they were manufacturing. In this situation Fenwal agreed to accept an assignment of the Montgomerys' agreements with their customers and to perform them. By this arrangement, the Montgomerys escaped any liability to their customers and Fenwal obtained the business with the

1. Gen.Laws of Mass., Chap. 106, § 31.

customers, without directly soliciting them for new contracts.

The assignment agreement was accompanied by a further agreement that the assignment did not constitute a waiver of any rights either party had against the other, arising out of contracts between them. It is apparent that the Montgomerys had no right against Fenwal under the sales contract and that the assignment agreement created no right in the Montgomerys other than that Fenwal should fulfill their orders assigned to it. It may well be that this assignment agreement was more valuable to Fenwal than to the Montgomerys, but we can see no reason why this gives rise to a claim against Fenwal based upon any quasi contractual obligation.

The judgment is reversed as to the damages awarded on the cross complaint. The district court is ordered to enter a judgment for the amount awarded on the complaint, with interest from February 23, 1949, at seven per cent per annum.